Mackison v. Clegg et al.

Filed May 14, 1884.

---

No. 10,096.

## MACKISON v. CLEGG ET AL.

PRACTICE.—Trespass.—Damages.—New Trial.—Supreme Court.—Error in awarding too small an amount as damages in an action for an alleged trespass in ejecting the plaintiff from a house, must be made ground of a motion for a new trial, or it can not be considered by the Supreme Court on appeal.

SAME.—Costs.—Where, in such an action, the plaintiff recovers but one cent damages, he is entitled to judgment for but one cent costs.

SAME.—Record.—Title to Real Estate.—Presumption.—Where, on appeal to the Supreme Court, the record does not contain the answer and all the evidence, that court can not determine whether the title to real estate was in issue, and must presume that the judgment below was right.

From the Clark Circuit Court.

*J. B. Merriwether, J. L. Ingram* and *P. H. Jewett,* for appellant.

HAMMOND, J.—The appellant, who was the plaintiff in the court below, charged in her complaint that on April 12th, 1881, she was in possession of a certain house in Clark county, with her household furniture; that the appellees on said day, with force and without her leave and without right, took possession of said house and household furniture and threw said furniture out doors, breaking and destroying the same, to her damage in the sum of $500, for which she demanded judgment.

The transcript shows that the appellees filed an answer, but it is not in the record. The case was tried by a jury who returned a verdict for the appellant, assessing her damages at one cent. Appellant moved for a new trial, assigning for causes that the verdict was not sustained by sufficient evidence and was contrary to law. The motion was overruled. Appellant then moved for judgment on the verdict and all costs of suit, which was also overruled. Appellees, thereupon, moved that the appellant should recover only one cent of her costs, being the same amount as the verdict for damages in her favor. This motion was sustained. Judgment was then rendered that the appellant recover of the appellees one cent for her damages and one cent of her costs.

It is urged that there was error in overruling the appellant's motion for a new trial, and in refusing to render judgment in her favor for all her costs.

The objection made to the verdict is that the amount found in favor of the appellant was not as much as she was entitled to recover under the evidence. But this question was not presented in the appellant's motion for a new trial. If she was not satisfied with the amount awarded her by the jury, she should, in her motion for a new trial, have specified that

there was error in the assessment of her damages on account
of such assessment being too small.  Section 559, R. S. 1881;
*Frank* v. *Kessler*, 30 Ind. 8; *Floyd* v. *Maddux*, 68 Ind. 124;
*Kelso* v. *Wolf*, 70 Ind. 105; *Millikan* v. *Patterson*, 91 Ind. 515.

Section 592, R. S. 1881, provides that, " In all actions for
damages solely, not arising out of contract, if the plaintiff
do not recover five dollars damages, he shall recover no more
costs than damages, except in actions for injuries to character
and false imprisonment, and where the title to real estate
comes in question."

The ruling of the court was right upon costs unless the
title to real estate was in issue.  It is obvious that if the
record does not contain the pleadings and the evidence, this
court can not say whether there was, in the trial of the case,
any question upon the title to real estate.  It is necessary for
the record to contain the pleadings to show whether it was a
case in which the title to land *could* be in issue; and also
essential that it should embrace the evidence to show whether
in fact the title to real estate *was* in issue.  2 Works Pr.,
section 1017.  The appellees' answer is not in the record,
nor does the record contain all the evidence.  The appel-
lant's deposition, which was read in evidence by the appellees,
is not in the transcript.

It devolves upon a party, bringing a case to this court, to
show affirmatively, by the record, that there was error in the
proceedings of the trial court, and if he fail to do this, we
must presume in favor of the correctness of such proceed-
ings.  *Crumley* v. *Hickman*, 92 Ind. 388.

We find no error requiring a reversal of the judgment.

Affirmed, with costs.

Filed May 14, 1884.