LOUIS C. WACHSMUTH ET AL. V. ORIENT INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

FILED NOVEMBER 5, 1896.    NO. 6787.

1. **Court Records:** CORRECTIONS. A court has power, even after the term at which judgment was rendered, to correct its record for the purpose of making it disclose truthfully what occurred in the course of its proceedings.

2. **Findings After Judgment.** A special finding made at the request of one party after judgment, and without notice to the adverse party, is absolutely void.

3. **New Trial:** ASSIGNMENTS OF ERROR. The assignment in a motion for a new trial that the finding is not sustained by the evidence does not, in an action on contract, raise the question of error in the assessment of the amount of recovery.

4. **Offer to Confess Judgment:** COSTS. Section 565 of the Code of Civil Procedure, providing that a defendant may serve on the plaintiff, or his attorney, an offer in writing to allow judgment to be taken against him for a specified sum, and that if such offer be not accepted, and the plaintiff fails to obtain judgment for more than the offer, he shall pay defendant's costs from the time of the offer, contemplates that where there is only one defendant, all costs from the time of the offer shall in such case be taxed against plaintiff.

5. **Review:** TRANSCRIPT OF JUDGMENT: STIPULATION. In order to confer jurisdiction upon this court to review on error a judgment of the district court there must be filed in this court a certified transcript of the judgment. A stipulation as to the character of the judgment, or a recital thereof in the petition in error, is insufficient.

ERROR to the district court for Wayne county. Tried below before JACKSON, J.

The facts are stated by the commissioner.

*Montgomery & Hall,* for plaintiffs in error:

The special finding of the court is a part of the record in the case and is binding between the parties. (*Davis v. Neligh,* 7 Neb., 78; *Birdsall v. Carter,* 11 Neb., 143; *Rogers v. Sample,* 28 Neb., 141; *Scott v. Chope,* 33 Neb., 41; *Smith v. First Nat. Bank of Chadron,* 45 Neb., 444; *Ganzer v. Schiffbauer,* 40 Neb., 633; *Smith v. Pinney,* 2 Neb., 139; *Thompson v. Connecticut Mutual Life Ins. Co.,* 38 N. E. Rep. [Ind.], 796; *Dowell v. Talbot Paving Co.,* 38 N. E. Rep. [Ind.], 389; *Condee v. Barton,* 62 Cal., 1; *Hayes v. Wetherbee,* 60 Cal., 396; *Ogburn v. Connor,* 46 Cal., 346; *Prince v. Lynch,* 38 Cal., 528; *Pralus v. Jefferson Gold & Silver Mining Co.,* 34 Cal., 558; *Cowing v. Rogers,* 34 Cal., 648; *Hidden v. Jordan,* 28 Cal., 301; *Hathaway v. Ryan,* 35 Cal., 188; *Carpentier v. Gardiner,* 29 Cal., 160; *Vermule v. Shaw,* 4 Cal., 214; *Bosquett v. Crane,* 51 Cal., 505; *Brady v. Burke,* 90 Cal., 1; *Wunderlin v. Cadogan,* 75 Cal., 617; *State Sash & Door Mfg. Co. v. Adams,* 47 Minn., 399; *Pratt v. Pioneer Press Co.,* 32 Minn., 217; *Jones v. Wilder,* 28 Minn., 238; *Swanstrom v. Marvin,* 38 Minn., 359; *Keep v .Sanderson,* 12 Wis., 352*; *Williams v. Ely,* 13 Wis., 1; *Ottillie v. Waechter,* 33 Wis., 252; *Parks v. Wisconsin C. R. Co.,* 33 Wis., 413; *Cramer v. Hanaford,* 53 Wis., 85; *Klatt v. Mallon,* 61 Wis., 542; *Ætna Fire Ins. Co. v. Boon,* 95 U. S., 117; *North v. Peters,* 138 U. S., 271; *Martin v. Minnekahta State Bank,* 64 N. W. Rep. [S. Dak.], 127; *People v. Judge of Circuit Court,* 34 Mich., 62; *Calhoun v. Gilliland,* 2 Wash., 174; *Hathaway v. Ryan,* 35 Cal., 188.)

*Charles Offutt, contra.*

References as to the validity of the special finding: *Horn v. Miller,* 20 Neb., 101; *Everson v. Graves,* 26 Neb., 264; *Wiley v. Shars,* 21 Neb., 715; *Hamilton v. Armstrong,* 20 S. W. Rep. [Mo.], 1054; *Kahn v. Smelting Co.,* 102 U. S., 641; *Hodges v. Goetzman,* 76 Ia., 476; *Hartlep v. Cole,* 120 Ind., 247; *Brundage v. Deschler,* 131 Ind., 174; *Peninsular Land Transportation & Mfg. Co. v. Franklin Ins. Co.,* 35 W.

Va., 666; *Wheatland Mill Co. v. Pirrie*, 89 Cal., 459; *Masterson v. Cranitch*, 66 How. Pr. [N. Y.], 171; *Trudo v. Anderson*, 10 Mich., 357; *Thomas v. Sprague*, 12 Mich., 120; *Sisson v. Barrett*, 2 N. Y., 406; *Breeze v. Doyle*, 19 Cal., 101; *Emeric v. Alvarado*, 64 Cal., 603.

IRVINE, C.

This was an action by the plaintiffs in error to recover on a policy of fire insurance. The policy had been written on a stock of merchandise. One of the issues litigated at the trial was the amount of the loss. It was claimed by the plaintiffs that a large portion of the goods had been totally destroyed, and an adjustment effected by the parties placed the value of goods saved from the fire at $7,925.05, and the damage sustained by those saved at $783.46. There was a large amount of concurrent insurance on the stock. The trial was to the court without a jury. The finding was made, motion for a new trial overruled, and judgment ordered the last day of the term. As entered, the finding was as follows:

"Now on this 21st day of April, 1893, this cause came on for trial and the same, together with the eight other cases which by consent of the parties and order of the court were consolidated with this cause for trial, was tried and submitted to the court,—a jury having heretofore been waived,—upon the pleadings, the evidence, and argument of counsel; and now, being fully advised in the premises, the court finds specially that the goods, wares, and merchandise in stock and belonging to the plaintiff, Augustus E. Orbeton, the destruction of and injury to which by fire is the subject of the controversy in this and the other actions consolidated with it, were, at and immediately before the fire in controversy, and their injury thereby, of the market value of $13,000, to which finding the defendant excepts.

"The court further finds generally, upon the issues joined in this action and in the other actions consolidated with this action for trial, in favor of the plaintiff, and

assesses the total damage of the plaintiff in this and the other actions by reason of the destruction of a portion and the injury to the remainder of the said goods, wares, and merchandise by fire, as alleged in the petition, at the sum of $783.46, to which finding the plaintiff excepts. And the court further finds that the plaintiffs in this and the said other actions are entitled to recover from the several insurance companies, defendants mentioned and described in the plaintiff's petition, the said principal sum of $783.46, together with interest thereon from the 26th day of January, 1892, being the sum of $68.55, both principal and interest amounting to $852, which should be apportioned among the said several insurance companies according to the face of the policies thereof, and that the proportion of said sum for which the defendant in this cause is liable to the plaintiff is the sum of $81.15, to which finding the plaintiff excepts."

This was followed immediately by the judgment and an order overruling the motion for a new trial. On the first day of the following term of court the defendant filed two motions. One was an objection to the judge's subscribing the journal as made up, until the special finding fixing the value of the stock at $13,000 should be stricken out. As reasons for this it was urged that the entry did not state the true finding; that neither party had requested any finding, and that the case had been decided and general finding made without any special finding. The other motion was a motion to vacate and modify the judgment as entered, for the same reasons. On the hearing of these motions the court directed that the order be corrected to read as follows: "After the court has made its general findings herein for the plaintiffs and directed the entry of judgment for plaintiffs, and after the court had overruled the motion for a new trial and given the plaintiffs time to prepare bill of exceptions, and after the defendant and its attorney had left the court room, the court did make its only special finding on the same day, just before the adjournment of court, at the request

42

of plaintiff's attorney, in words and figures as follows: 'Finding by the court that the goods in stock before the fire was of the value of $13,000,' and without any notice to the defendant or its attorney." The plaintiffs, by their petition in error and in argument, now contend that the judgment entered is not supported by the findings, and that the special finding of the total value of the stock before the fire must be accepted in connection with certain admissions in. the pleadings, not here necessary to state, as fixing the amount of the judgment at a much greater sum than that for which it was rendered. In this connection they contend that the order made at the subsequent term was void for want of jurisdiction, and this on the ground that the court, by the adjournment of the trial term, had lost its control over the judgment. The order of the subsequent term was not, however, an order vacating or modifying the former judgment. It was merely an order correcting the record for the purpose of making it disclose what had in fact occurred. The plenary power of a court of record to so correct its records has been several times upheld. (*Brownlee v. Davidson*, 28 Neb., 785; *Hoagland v. Way*, 35 Neb., 387; *School District v. Bishop*, 46 Neb., 850.) A true conception of the several questions presented on this phase of the case renders it important to bear in mind the distinction between an order of the court causing an incorrect record to be amended in such a manner as to show what in fact occurred, and an order subsequent to the disposition of a case incorporating a new occurrence or a new procedure. In the one case the court merely requires a correct recital of a proceeding actually had at the proper time but not theretofore properly entered. In the other case the court undertakes at a subsequent time to supply a defect in the proceedings themselves. This order belonged to the former class. We must therefore adopt the last order as a proper correction of the journal. It then appears from the journal so corrected that the court entered a general finding for the plaintiffs assessing dam-

ages at $81.15, ordered judgment accordingly, and overruled plaintiff's motion for a new trial; that thereafter on the same day, but after defendant's counsel had left court and without any notice to the defendant or its counsel, at the request of plaintiff's attorney, the special finding was made. We do not think this procedure was warranted by the Code.

Numerous cases are cited in support of the court's action. Most of these cases, however, merely sustain the power of the court after judgment to supply defects and omissions in its record. Such action is equivalent to the action of the court which we have already held to be proper in correcting its record to disclose the facts, and if it had been made to appear that the court, in announcing its judgment had in fact made a special finding as to the value of the property before the fire, then it would have been proper even after judgment, by such an order, for the court to incorporate that finding into the record. But it is not claimed that any such finding was made. The supreme court of the United States in two cases well illustrates this distinction. In *Ætna Fire Ins. Co. v. Boone*, 95 U. S., 117, the circuit court had, at the time of ordering judgment, filed an opinion wherein were informally stated all necessary findings in support of the judgment ordered. The judgment was entered without any finding to support it. It was held that the court had power at the following term to enter a *nunc pro tunc* order supplying the findings from the opinion actually filed. But in that case it is to be observed that the adverse party had notice of and participated in the proceedings. On the other hand, in *Kahn v. Smelting Co.*, 102 U. S., 641, the court undertook, after judgment, and on the request of the plaintiff, to make additional findings of fact. It was held that there was no authority for such action and that the additional findings so made must be absolutely disregarded. It is true that the findings in the latter case were not made until fourteen days after judgment, but the length of time which elapsed is immaterial.

The essential feature is that the findings must precede or must at least be concurrent with the judgment. In *North v. Peters*, 138 U. S., 271, the same court, construing the Dakota Code, held that the court on overruling a motion for a new trial, the motion urging as one of the grounds therefor that material findings had been omitted, might then make such findings in support of its judgment. We have not examined the law of Dakota to ascertain on what provision this case rests, because the identical question has been otherwise decided under our Code. (*Wiley v. Shars*, 21 Neb., 712.) In that case the court had refused plaintiff's request to find questions of law and fact separately, as provided by section 297 of our Code of Procedure. It was held that the error in so refusing was not cured by making such separate finding in overruling the motion for a new trial. There are cases which hold that after judgment special findings may be made not inconsistent with the general findings made at the time of entering judgment. But those cases are not applicable, for here the special finding was inconsistent with the general finding and with the judgment rendered. We shall not undertake a further review of the cases. Except as they fall within the classes already indicated, they are uniformly to the effect that the request for findings and the findings, if made, to be available, must precede the judgment. We are very clearly of the opinion that a special finding made after judgment, in the absence of the adverse party and without notice, is absolutely void and must be disregarded.

It is next contended that even if the special finding cannot be regarded, a new trial must be awarded for the reason that the general finding as to the amount of damages was not sustained by the evidence. In the motion for a new trial the only grounds assigned are errors of law occurring at the trial, that the finding is not sustained by sufficient evidence, and that the finding and decision are contrary to law. Error in the assessment of the amount of recovery, in actions upon contracts, is a dis-

tinct ground for a new trial, as those grounds are fixed by section 314 of the Code of Civil Procedure. The assignment that the verdict or finding is not sustained by the evidence does not reach this point, nor does it present it for review. (*Volker v. First Nat. Bank*, 26 Neb., 602; *Everett v. Tidball*, 34 Neb., 803; *Riverside Coal Co. v. Holmes*, 36 Neb., 858.)

Before judgment was entered the defendant filed its motion to tax against the plaintiffs "all the costs which have accrued since September 7, 1892," for the reason that plaintiffs had failed to obtain judgment for more than the defendant, on that date, offered in writing to allow judgment to be taken for. This motion the court overruled. The defendant excepted, caused to be settled a bill of exceptions embodying the evidence on such motion, and presents the ruling here for review by cross-petition in error. The evidence discloses that on the 7th day of September, 1892, the defendant served upon plaintiff's attorneys a notice in writing whereby it offered to allow judgment to be taken against it for the sum of $150 and costs. Section 565 of the Code of Civil Procedure provides that the defendant in an action for the recovery of money only may, at any time before the trial, serve upon the plaintiff, or his attorney, an offer in writing to allow judgment to be taken against him for the sum specified therein. The plaintiff may, within five days, serve notice of his acceptance on the defendant or his attorney; or he may file the acceptance, and in either case judgment shall be rendered accordingly. But "if the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer." (Code of Civil Procedure, sec. 565.) The procedure here adopted seems to have been in compliance with the requirements of this section, and we are at a loss to understand the reason of the district court for overrul-

ing defendant's motion. The plaintiffs, in their reply, briefly suggest the technical reason that the motion was to tax all costs accruing after the offer against the plaintiffs, while the statute merely provides that the plaintiff shall pay the defendant's costs from the time of the offer. It is therefore argued that the motion was not proper in form and asked too much, and was therefore properly overruled altogether. But we think the motion in effect conformed to the statute. It was not the purpose of the statute merely to require the plaintiff in such case to pay the defendant's costs and to permit judgment for plaintiff's costs to be rendered against defendant. It is plainly the purpose of the statute to require in such case the plaintiff to bear his own costs and also to bear the costs of defendant accruing after the offer. Therefore, the proper order where there is only one defendant is, under the circumstances, to tax all costs created after the offer against the plaintiff, and the motion should have been sustained.

As already indicated, there was a large amount of concurrent insurance on this property. There seem to have been nine actions against as many different insurance companies tried together under an order in pursuance of a stipulation consolidating the cases, but providing that separate judgments should be rendered. The petition in error and cross-petition in error are both entitled in all nine cases, and the parties have undertaken, by stipulation, to have all the cases reviewed on the record of the case which we have been considering. By the terms of this stipulation only one record was to be brought up. Parties also undertook, by stipulation, to provide that they might, in a single petition in error, recite the rendition of each judgment. We have before us, however, but a single judgment. In order to confer jurisdiction on this court to review a judgment of the district court there must be filed a transcript of the judgment at least. That has not been done in any but the single case we have considered. A motion to permit the records to be supplied was heretofore overruled, for the reason that the statu-

tory period within which such proceedings must be brought had already expired.  We therefore consider but the single case in which we have jurisdiction.  The judgment of the district court is reversed in accordance with the foregoing opinion, and the cause remanded with directions to tax against the plaintiffs all costs made after September 7, 1892.

REVERSED AND REMANDED.