## SYNDICATE IMPROVEMENT COMPANY ET AL.
### v. BRADLEY.

INTEREST — STATUTES — REPEAL — APPEAL AND ERROR — IMPOSITION OF INTEREST AS PENALTY UPON AFFIRMANCE OF JUDGMENT ON ERROR — IRREGULARITY IN JUDGMENT — MOTION FOR NEW TRIAL.  CONSTITUTIONAL LAW.

1.   The statute (R. S., Sec. 3130) requiring this court, upon affirmance of a judgment to tax a reasonable counsel fee for the benefit of defendant in error, and also to adjudge in his favor damages in such sum as may be reasonable, not exceeding five hundred dollars, unless the judgment directs the payment of money, and execution thereon has been stayed in the proceeding in error, when in lieu of such penalty, the judgment shall bear additional interest at a rate not exceeding five per cent. per annum, to be ascertained and awarded by the court, is not invalid as conflicting with or repealed by the Act of February 11, 1895, relating to interest.

2.   The Act of 1895 fixes the rate of interest which judgments shall bear by operation of law.  Section 3130, Revised Stat-

utes, requires that in a certain class of cases, by order of the court, they shall bear additional interest.

3. Where the court has ordered that the judgment, upon affirmance, shall bear additional interest in pursuance of the provisions of Section 3130, R. S., such additional interest does not run after the mandate has gone down from the appellate court, as after that time execution is no longer stayed.

4. Where the court has adjudged that the judgment upon affirmance shall bear such additional interest it should not be compounded, by computing the amount due up to the time of the order in the appellate court, and then computing interest thereon thereafter.

5. If the judgment of the Supreme Court imposing, in case of affirmance, additional interest upon the judgment, was erroneous because it merely determined or fixed the rate of such interest, instead of ascertaining, by computation, the amount thereof which should be added to the judgment by way of penalty, it would amount to an irregularity only, and would not render the judgment void, and susceptible to attack for that reason, in an action thereafter brought upon the undertaking, given to stay execution upon the original judgment pending error proceedings.

6. Error in the amount of recovery is an independent ground for new trial under the statute, and is not covered by, or included in, a specification contained in a motion for new trial, that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

7. Neither the statute authorizing the additional interest, nor the judgment of this court awarding such interest, violates or contravenes the provisions of the Constitution of the United States, which prohibits a State from denying, to any person within its jurisdiction, equal protection of its laws.

[Decided December 22, 1897. Commenced in District Court September 10, 1896.]

Error to the District Court for Laramie County. Hon. Charles W. Bramel, Judge of Second District, presiding.

This action was brought by Chester B. Bradley, the defendant in error, against the Syndicate Improvement Company, Charles W. Riner, and William R. Schnitger, the plaintiffs in error. Defendant in error, on the 18th

day of May, 1895, recovered a judgment against the Syndicate Improvement Company, one of the plaintiffs in error, for the sum of $3,741.54, principal and interest, and $383.75 costs.    On the 19th day of May, 1895, an execution and order of sale upon said judgment were issued out of the District Court of Natrona County which was returned unsatisfied with costs amounting to $190.25, owing to the defendant, the Syndicate Improvement Company filing an undertaking to stay execution pending proceedings in the Supreme Court upon said judgment.    It was filed in the office of the Clerk of the District Court within the county of Natrona and State of Wyoming; the said bond being in the sum of $8,500.00, and conditioned that the Syndicate Improvement Company would pay to the said Chester B. Bradley, the condemnation money and costs if the said judgment should be affirmed in whole or in part, or if said proceedings in error be dismissed.    The case was thereupon taken to the Supreme Court, and on the 3d day of March, 1896, the judgment of the District Court of Natrona County was affirmed and judgment by the way of penalties was entered by the said Supreme Court against the Syndicate Improvement Company, for the sum of $100.00 attorney's fees and one per cent interest upon said judgment during the time execution was stayed, in addition to the rate of interest allowed by law upon the judgment in the District Court.    This action was brought upon the supersedeas undertaking, said Riner and Schnitger being the sureties thereon.    The answer to the petition was a general denial.    The cause was tried to the court without the intervention of a jury.    Judgment was rendered in favor of defendant in error, plaintiff below, for $5,334.75.    Plaintiffs in error filed a motion for new trial on the ground that "the decision of the court in said cause is not sustained by sufficient evidence and is contrary to law," which was overruled; and proceedings in error were instituted.

*Burke & Fowler*, for plaintiffs in error.

The judgment was for a sum greatly in excess of the amount due.    1. The rate of interest on a judgment can

not even under Section 3130, R. S., exceed eight per cent per annum. 2. It was error to allow the interest awarded by the court to be compounded.

By " condemnation money " mentioned in the undertaking under Rev. Stat., Sec. 3136, is meant the damages which should be awarded against the appellant by the judgment of the court; it does not embrace damages included in the judgment. (Doe v. Daniels, 6 Blackf., 8.) The liability of a surety is not to be extended by implication beyond the terms of his contract. (9 Wheat., 680; 34 Pac., 51; 17 Wend., 422; 5 Hill, 634; 17 N. W., 758; 12 N. E., 205.) The sureties are not liable for costs on appeal. (101 U. S., 7.)

*John W. Lacey*, for defendant in error.

Section 3130 authorizes interest by way of penalty for bringing error proceedings without cause. This statute and the statutes fixing the rate of interest generally existed *in pari materia* until the enactment of the law of 1895 regulating interest. Section 3130 is not in conflict with the law of 1895. The authorities cited respecting the liability of sureties have no application here. Moreover this proceeding in error is joint, and no error not available to the principal is available to the sureties. (N. Platte M., etc., Co. v. Price, 4 Wyo., 293.) Error in the amount of recovery is not covered by the motion for new trial which complains only that the decision is not sustained by sufficient evidence and is contrary to law. (Thickstun v. R. R. Co., 21 N. E., 323; Hillebrant v. Brewer, 6 Tex., 45; Jacobs v. Hawkins, 63 id., 1; Ry. Co. v. Smith, 32 S. W., 828; Ray v. Thompson, 26 Mo. App., 431; Cook v. Clary, 48 id., 166; Brosnahen v. Brew. Co., 26 id., 386; Bartlett v. Burden, 39 N. E., 175; Hagar v. Weston, 7 Mass., 110; Thomp. on Tr., 2754.) If there is an excess on the ground of compounding interest, it is insignificant, and will therefore not authorize a reversal. (53 Conn., 212; 30 id., 26; 49 id., 64; 2 A. K. Marsh, 450; 44 Ill. App., 362; 33 Fed., 240; 2 Tidd's Pr., 815.)

*Burke & Fowler,* in reply.

We insist that the judgment is not sustained by sufficient evidence, and not merely that the amount thereof is excessive. The interest which may be granted under Section 3130, R. S., is in the nature of a penalty if at all allowable, and is not continuing interest. (17 O., 605; 19 id., 26; 14 O. St., 349.) When granted as interest, it conflicts with the usury laws. If granted at all, it ought to be in a fixed sum. The judgment of the Supreme Court violated Sec. 1 of Art. 14 of the Constitution of the U. S. (Sedg. Stat. Const., 177; Com'rs v. Carter, 2 Kan., 109; Holden v. James, 11 Mass., 396; Turner v. Althaus, 6 Neb., 71; 26 Mich., 29; 21 Pa. St., 161; 6 Wall., 71; 4 Ind., 344; 11 Pa. St., 491.)

On petition for a rehearing the point that the judgment for additional interest violated the 14th Amendment to the Federal Constitution was reargued in the brief and the authorities, *supra,* again cited.

POTTER, CHIEF JUSTICE.

This is an action upon an undertaking given in pursuance of the statute to stay execution, pending proceedings in error, upon a judgment recovered by Chester B. Bradley against the Syndicate Improvement Company in the District Court for Natrona County. That judgment was affirmed by this court.

It having been determined that there was no reasonable cause for the proceeding in error, this court allowed the sum of one hundred dollars as a reasonable fee for counsel for defendant in error in that cause, and ordered that the judgment of the District Court bear additional interest at the rate of one per cent per annum for the time the same was stayed, by authority of Section 3130, Rev. Statutes 1887.

Upon the trial of the present case, the plaintiff offered in evidence the proceedings and judgment of the District Court and the opinions of this court in the original case, and judgment was rendered against the principal and sureties in the undertaking for the sum of $5,334.75.

This case comes here on error, and the plaintiffs in error contend that the judgment is erroneous because its amount is greatly in excess of the sum actually due.   In support thereof it is contended, First: That the judgment of this court imposing the additional interest was in violation of the Act of February 11, 1895, which fixed the rate of interest upon judgments at eight per cent per annum, except that in case a judgment is founded upon a contract by the terms of which a less rate of interest shall have been agreed upon, the contract rate shall apply to the judgment.    (Sess. Laws 1895, p. 55.)    Second: That in computing the amount due upon the judgment interest was compounded by determining the sum due on the third day of March, 1896, the date of the final order in this court, and computing interest upon that amount to the date of judgment.

The condition of the undertaking is that, "The Syndicate Improvement Company, plaintiff in error, will pay the condemnation money and costs, if the said judgment so as aforesaid sought to be reversed, be affirmed in whole or in part, or if the said proceedings in error be dismissed." The judgment which is now here for review seems to have been made up as follows: The original judgment, $3,741.54; costs, $383.75; additional costs, $190.25; interest at nine per cent from May 18, 1895, to March 3, 1896, and $100.00 attorney fees allowed by the Supreme Court, making a total of $4,875.51, and then interest on this amount at nine per cent per annum until date of judgment March 19, 1897.

We do not regard the provision of Section 3130 of the Revised Statutes as in conflict with the act of February 11, 1895.    The later act fixes the rate of interest which judgments shall bear by operation of law; the former requires that in a certain class of cases, by order of the Supreme Court, it shall bear additional interest.    Prior to the act of 1895 the rate of interest upon judgments was twelve per cent per annum.    Rev. Stat., Sec. 1312.    That section and the chapter of which it was a part was expressly repealed by the act of 1895.    Sections 1312 and 3130

stood together, and the later act aforesaid contains nothing which prevents the continuing effect and operation of Section 3130. If the judgment of this court was erroneous because it merely determined the rate of additional interest, instead of ascertaining by computation, the amount thereof which should be added to the judgment by way of penalty, it would amount to an irregularity only, and would not render the judgment void and susceptible to attack for that reason in the present action. Gill v. Backus (Mich.), 66 N. W., 347.

We think, however, that the interest should not have been compounded, and also that the judgment did not bear the additional interest of one per cent after the expiration of the time for which execution was stayed. After the mandate had gone down from this court execution was no longer stayed. It was error, therefore, to include that additional rate after that time. It is also questionable whether it was proper to compute interest upon the amount awarded as counsel fees. The amount erroneously included in the judgment is not large, and it may be doubtful whether it reaches such a sum as would justify a reversal. However that may be, the question must be disposed of in this case upon other considerations. The motion for new trial presented as the only grounds therefor, that the decision of the court is not sustained by sufficient evidence and is contrary to law. The statute provides as a separate cause for a new trial the following: "Fifth: Error in the assessment of the amount of recovery, whether too large or too small, when the action is upon a contract, or for the injury or detention of property." Error in the amount of recovery constitutes the sole objection urged to the judgment. It was not specified as a ground for new trial, and consequently was not presented to the district court. It is, therefore, no cause for reversal by this court. Hillebrant v. Brewer, 6 Tex., 45; Jacobs et al. v. Hawkins et al., 63 Tex., 1; Ray v. Thompson, 26 Mo. App., 431; Brosnahan v. Best Brewing Co., id., 386; Cook v. Clary, 48 Mo. App., 166;

Bartlett v. Burden, 39 N. E. (Ind. App.), 175; Thickstun v. B. & O. R. R., 119 Ind., 26.

The difference between an allegation that the judgment is not sustained by sufficient evidence, or is contrary to law, and one that there is error in the amount of recovery, is obvious. Under the latter there would be no dispute respecting the correctness of the judgment in general; and that it was rendered in favor of the proper party would be conceded. The error would be charged only as to the sum found due. A manifest purpose therefore appears in the statutory specification of such an error as an independent cause for new trial. It is not embraced within the charge that the judgment is not sustained by the evidence or is contrary to law. The judgment must be *affirmed*.

Corn, J., concurs.

Knight, J., did not sit in this case, it having been heard and submitted prior to the death of the late Mr. Chief Justice Conaway.

---

### ON PETITION FOR REHEARING

Potter, Chief Justice.

The facts in the case, and the reasons urged for a reversal of the judgment, are set out in the former opinion. The particular objection made in this application for rehearing, is that the judgment is in contravention of Section 3, of Chapter 30, Laws 1895, which provides that interest on decrees and judgments, shall run at the rate of eight per cent per annum, and that it therefore contravenes the fourteenth amendment of the Federal Constitution which guarantees to plaintiffs in error equal protection of the laws.

In our former opinion we held that the statute requiring this court, upon affirmance of a judgment to tax a reasonable counsel fee for the benefit of defendant in error, and also adjudge in his favor damages in such sum

as may be reasonable, not exceeding five hundred dollars unless the judgment directs the payment of money, and execution thereon has been stayed in the proceeding in error, when in lieu of such penalty, the judgment shall bear additional interest, during the time for which it was stayed, at a rate not exceeding five per cent. per annum, to be ascertained and awarded by the court, was not invalid as conflicting with or repealed by the statute of 1895 above cited. We are still of that opinion.

If, however, that part of the judgment was erroneous and ought not to have been included as damages in the suit upon the supersedeas undertaking, it did not render the original judgment invalid, but the objection would go only to the amount of the recovery. As to that, we held the motion for new trial insufficient to raise the question, for the reason that the statute prescribes, as one of the grounds for new trial, "Error in the assessment of the amount of recovery," and we then held, and are still of that opinion, that such an objection to the judgment, or cause for new trial, is not included in a specification that the judgment is not sustained by sufficient evidence, or is contrary to law, each of which are independent statutory grounds for new trial.

Neither the statute upon the authority of which the additional interest was ordered, nor the judgment of this court awarding such interest, violates or contravenes the provisions of the Constitution of the United States, which prohibits a State from denying to any person within its jurisdiction equal protection of its laws. The statute acts upon all litigants alike. A general rule is provided, which is within the power of the Legislature for the government of procedure in this court, and the protection of those who have obtained judgments in the trial courts against frivolous appeals, and to compensate them to some extent for the expense necessarily undergone in attending to their interests when error proceedings have been prosecuted without just cause. The statute, allowing such additional interest, expressly provides that neither the

same, nor any penalty shall be awarded or taxed, in cases wherein it is certified in the judgment of this court that there was reasonable cause for the proceeding in error.

The reasons for our failure to certify that there existed reasonable cause for the proceedings in error, will sufficiently appear by reference to the opinions delivered in the original cause. Syndicate Improvement Co. v. Bradley, 43 Pac., 79; 44 Pac., 60.

*Rehearing denied.*

Corn, J., and Knight, J., concur.