SOUTHWESTERN COTTON SEED OIL COMPANY, *a corporation,* v. THE BANK OF STROUD, *a corporation* AND J. S. RICH- ARDSON.

(Filed September 2, 1902.)

1. ERROR—Motion for New Trial.—Petition in Error. This court will not review an alleged error of a trial court, unless the error complained of is assigned for review by the petition in error as well as by the motion for a new trial.

2. ERROR IN ASSESSMENT OF AMOUNT OF RECOVERY—Not Considered Unless Presented by Motion for a New Trial. Error in the assessment of the amount of recovery cannot be considered unless such error is alleged in the motion for a new trial.

3. VERDICT—Assignment of Error.—Assessment of Amount of Recovery. An assignment of error which alleges that the verdict is not

sustained by the evidence will not cover the question of error in the assessment of the amount of recovery.

4. SAME—Evidence Sufficient to Sustain. Where the evidence is sufficient to sustain a verdict for a greater sum than was found by the jury, this court will not examine the record to ascertain whether the exact sum so found was the correct amount, where the only assignment or error is that the verdict is not sustained by the evidence.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before John H. Burford, Trial Judge.*

*Howard & Ames,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendants in error.

Action by the Bank of Stroud against the Southwestern Cotton Seed Oil Company and J. S. Richardson, to recover the sum of $1,269.57, on open account. Verdict in favor of the plaintiff and against the Southwestern Cotton Seed Oil Company, for $500.00. Affirmed.

Opinion of the court by

PANCOAST, J.: There is but one assignment of error in this case, that is, that there was no evidence to sustain the verdict returned. It is admitted that there was evidence to support a verdict for $1,269.57, but it is contended that there was no evidence to support a verdict for $500. In other words, the complaint is that the verdict is too small, and should have been for the entire amount, if for anything.

Of the several grounds which may be assigned in a motion for a new trial, we may notice:

"Fifth. Error in the assessment of the amount of recov-

ery, whether too large or too small, where the action is upon a contract or for the injury or detention of property.

"Sixth.    That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law."

The sixth ground was included in the plaintiff's motion for a new trial, and is the one contended for here.    The fifth ground was not included either in the motion for a new trial or in the petition in error.

This court has repeatedly held that it will not attempt to review any alleged error of a trial court, unless the error complained of is in some manner assigned for review by the petition in error, as well as by the motion for a new trial.   (*Menten v. Shuttee,* 67 Pac. 478.)    Errors in the assessment of the amount of recovery cannot be considered, unless such ground of error was alleged in the motion for a new trial.   (*Beavers v. Missouri Pacific R. R. Co.,* 47 Neb. 716, 66 N. W. 821; *Wachsmuth v. Orient Ins. Co.,* 49 Neb. 590, 68 N. W. 935; *Cook v. Clary,* 48 Mo. Appeals, 166; *Hyatt v. Mattingly,* 68 Ind. 271; *Davis v. Montgomery,* 123 Ind. 578, 24 N. E. 367; *Reynolds v. Iowa & N. Ins. Co.* 80 Ia. 563, 46 N. W. 659.)

If the evidence was sufficient to sustain a verdict for more than $500 then this court will not examine the record to ascertain whether the amount found by the jury was the correct amount, where the only assignment of error is that the verdict is not sustained by the evidence.    The assignment of error that the verdict is not sustained by the evidence will not cover the proposition that the verdict is too small.   (See cases cited *supra.*)    If counsel had desired to raise that question, they should have first assigned the same in the motion for a new trial, and then in the petition in error.    These matters

could have been so taken care of at the trial by instructions, that the theory of the plaintiff would have been known to the court and jury. It is very clear that there was evidence to support a verdict for $1,269.57, and counsel for plaintiff in error concede this. Can there be any prejudicial error, where the verdict is for $500 only, conceding that the verdict is too small? If the jury erred in finding but $500, when they should have found $1,269.57, how is the plaintiff in error prejudiced? However, a careful examination of the record does not sustain the contention of the plaintiff in error that there was no evidence to sustain a verdict for $500. The claim of the plaintiff was based upon an open account, and consisted of a long list of items, among which was a charge of three per cent per month on daily balances, as interest on the money furnished. The jury may have, and very properly, cut off all but the legal interest. Again, it was claimed that the sum of $5 per ton for cotton seed delivered was under certain contingencies, to go to the plaintiff. By the testimony of Mr. Wooten, one of the defendant's witnesses, this amount was shown to be about $400, and by the testimony of Mr. Ames the amount was shown to be $634. The jury, therefore, had sufficient evidence upon which to base this particular verdict.

It is also contended that if there was any evidence to sustain a verdict against the plaintiff in error, that the same evidence would sustain a verdict against the defendant in error, Richardson, for the reason that if one was liable the other was. This contention cannot be upheld, for the reason that it appears from an examination of Richardson's testimony that he claims that he was not liable, not being a party to this contract; that he was to receive $2.50 per ton for gin-

ning the cotton seed. But even if the jury was in error in rendering a verdict in favor of Richardson, how can it be material here? The plaintiff in error cannot complain of that. The Bank of Stroud might properly have done so, but it is of no moment to the plaintiff in error, as no cross-petition was filed and no attempt has been made in any way by the plaintiff in error to hold Richardson.

A careful examination of the record not disclosing any error covered by the motion for a new trial or the petition in error, and believing the verdict to be just and equitable, we see no reason to disturb it. The judgment will therefore be affirmed.

Burford, C. J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring.