## GRAHAM v. YATES *et al.*

No. 2199. Opinion Filed November 19, 1912.

(128 Pac. 119.)

1.  APPEAL AND ERROR—Review. This court will not review an alleged error of a trial court, unless the error complained of is assigned for review by the petition in error as well as by the motion for a new trial.

2.  SAME—Motion for New Trial. Error in the assessment of the amount of recovery cannot be considered, unless such error is alleged in the motion for a new trial.

3.  SAME—Assignment of Error—Insufficiency of Damages. An assignment of error which alleges that the verdict is not sustained by the evidence will not cover the question of error in the assessment of the amount of recovery.

4.  SAME—Motion for New Trial. Where the evidence is sufficient to sustain a verdict for a greater sum than that found by the jury, this court will not examine the record to ascertain whether the exact sum so found was the correct amount, where error in the assessment of the amount of recovery is omitted from the motion for a new trial.

(Syllabus by Sharp, C.)

*Error from Stephens County Court;*
*W. H. Admire, Judge.*

Action by G. C. Graham against W. A. Yates and George Long. Judgment for plaintiff for less than the amount claimed, and he brings error. Affirmed.

*H. B. Lockett,* for plaintiff in error.

*Wilkinson & Speer,* for defendants in error.

Opinion by SHARP, C. Plaintiff sold defendants property, both chattel and real, of the alleged value of $10,749.28, on. which defendants paid $10,549.28, leaving a balance due, as claimed by plaintiff, of $200, for which amount, with interest from September 18, 1909, suit was brought. In the trial in the justice's court it seems that defendants offered to confess judg-

ment in the sum of $87.48, and for all costs then properly chargeable to them, but in the answer filed in the county court on appeal defendants denied being indebted to plaintiff in any sum.    The condition of the pleadings, however, is immaterial in view of the condition of the record, as will be shown.    The verdict of the jury was for $90, with interest thereon at seven per cent. per annum from the 18th day of September, 1909.    Of this verdict in his own favor plaintiff complains.

Seventeen grounds of error are set forth in the motion for a new trial.    Section 5825, Comp. Laws 1909, provides that the verdict of the jury may be vacated and a new trial granted on the application of the party aggrieved for any of the causes named in said section, which materially affects the substantial rights of the party aggrieved.    The fifth ground in the above-numbered section reads:

"Error in the assessment of the amount of recovery, whether too much or too small, where the action is upon a contract, or for an injury or detention of property."

The motion for a new trial assigns as grounds therefore that the verdict of the jury and the judgment of the court rendered thereon were contrary both to the law and facts proven; that the court erred in the admission of testimony, in its instructions to the jury, and in failing to instruct the jury as requested by the plaintiff.    But nowhere is complaint made of error in assessment of the amount of recovery.    The action is one founded on contract, and therefore the fifth subdivision of paragraph 5825, *supra*, is the provision of the statute under which plaintiff in error should have brought himself.    He is not complaining of the verdict given in his own favor, but alone of the insufficiency thereof.    It is urged that the testimony was sufficient to have warranted a verdict in his favor for the amount sued for, and in his brief plaintiff in error asks this court to render judgment in his favor for the full sum in controversy.    The question here presented was before this court in *Southwestern Cotton Seed Oil Co. v. Bank of Stroud et al.*, 12 Okla. 168, 70 Pac. 205, where the verdict of the jury was in favor of plaintiff for $500, and it was insisted that the verdict should have been for the full amount in controversy, $1,269.57.    In the motion for a new trial, it was

insisted that the verdict was not sustained by sufficient evidence, and was contrary to law. The fifth ground of the statute was not included in either the motion for a new trial, or in the petition in error.

In affirming the judgment, the court said:

"This court has repeatedly held that it will not attempt to review any alleged error of a trial court, unless the error complained of is in some manner assigned for review by the petition in error, as well as by the motion for a new trial. *Menten v. Shuttee,* 11 Okla. 381, 67 Pac. 478. Errors in the assessment of the amount of recovery cannot be considered, unless such ground of error was alleged in the motion for a new trial. *Beavers v. Missouri Pacific R. Co.,* 47 Neb. 761, 66 N. W. 821; *Wachsmuth v. Orient Ins. Co.,* 49 Neb. 590, 68 N. W. 935; *Cook v. Clary,* 48 Mo. App. 166; *Hyatt v. Mattingly,* 68 Ind. 271; *Davis v. Montgomery,* 123 Ind. 587, 24 N. E. 367; *Reynolds v. Iowa & N. Ins. Co.,* 80 Iowa, 563, 46 N. W. 659."

The decision is in full harmony with the authorities that we have examined upon the subject in addition to those cited in the opinion. The fifth subdivision of paragraph 5825, *supra,* is identical with paragraph 2652 of the Revised Statutes of Wyoming of 1887.

It was there held in *Syndicate Imp. Co. et al. v. Bradley,* 7 Wyo. 228, 51 Pac. 242, that the motion for a new trial, made by a successful party, which failed to assign the section of the statute in question, although it was charged that the verdict was contrary to law and not sustained by sufficient evidence, was insufficient, where error in the amount of recovery constituted the sole objection urged to the judgment, and that, not being specified as one of the grounds for a new trial, was not presented to the district court, and was no cause for reversal on appeal. It was said:

"The difference between an allegation that the judgment is not sustained by sufficient evidence, or is contrary to law, and one that there is error in the amount of recovery, is obvious. Under the latter there would be no dispute respecting the correctness of the judgment in general. That it was rendered in favor of the proper party would be conceded. The error would be charged only as to the sum found due. A manifest purpose therefore appears in the statutory specification of such an error

as an independent cause for new trial. It is not embraced within the charge that the judgment is not sustained by the evidence, or is contrary to law."

Opinion denying petition for rehearing is reported in 7 Wyo. 228, 52 Pac. 532. See, also, *Millikan et ux. v. Patterson,* 91 Ind. 515; *Mackison v. Clegg et al.,* 95 Ind. 373.

All the errors, even if well taken, go to the one point complained of: *i. e.,* a verdict for an insufficient amount. If it were true that the court erred in each of the particulars urged, it did not prejudicially affect plaintiff, save in the amount of his recovery, and this he did not urge as a ground for a new trial in the court below. There is a wide distinction between an adverse verdict and one favorable to the complaining party, where only the amount of recovery is the error sought to be reviewed, and it was doubtless this distinction that caused the Legislature to assign as one of the many grounds for a new trial the one to which we have called attention.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.