## BAKER v. CITIZENS' STATE BANK OF OKEENE.

No. 8386—Opinion Filed Dec. 4, 1917.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 568.)

1. **New Trial—Statutory Grounds—Waiver.**

The statutory enumeration of grounds for a new trial is in this jurisdiction exclusive, and any matter for which a new trial may be granted is waived if not embraced in the motion therefor.

2. **Appeal and Error—Error Assigned— Motion for a New Trial—Review.**

Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, cannot be considered on appeal unless such error is assigned in the motion for a new trial as a reason therefor.

3. **Appeal and Error—Grant of New Trial —Review.**

This court will reverse the action of the trial court in granting a motion for a new trial, where the record shows beyond all reasonable doubt that the trial court manifestly and materially erred with respect to a pure, simple, and unmixed question of law, and, but for the same, the motion for a new trial would not have been sustained; but, where there are other reasons assigned in the motion for a new trial other than the one concerning which the trial court has erred, this court will not disturb the judgment of the lower court granting a new trial unless the record shows affirmatively that the same should not have been sustained upon any of the other grounds assigned in said motion.

(Syllabus by Hooker, C.)

Error from District Court, Blaine County; T. A. Edwards, Judge.

Action by Jacob Baker against the Citizens' State Bank of Okeene. Judgment for plaintiff, motion for new trial sustained, and plaintiff brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Wm. O. Woolman, for defendant in error.

Opinion by HOOKER, C. This action was instituted by the plaintiff in error in the district court of Blaine county for the recovery of $663.50, being the penalty of twice the amount of usurious interest alleged to have been exacted by the bank from the plaintiff in error upon a series of transactions had between them. The bank interposed a defense of a general denial, a plea of payment by third party, novation, and the statute of limitation, all of which was denied by the plaintiff in error.

The cause was tried to a jury, and a judgment rendered for the plaintiff in error for the full amount sued for. Thereupon in due time the bank filed a motion for a new trial, alleging the following reasons:

1. The court erred in overruling its motion to require the plaintiff to make his petition more definite and certain.

2. For errors of law occurring at the trial and duly excepted to at the time.

3. The court erred in refusing to give paragraph No. 1 of defendant's requested instruction.

4. The court erred in giving paragraph No. 8 of the instructions.

5. The verdict was the result of passion and prejudice on the part of the jury.

6. The verdict is contrary to the law.

7. The verdict is contrary to the evidence and is not sustained thereby.

8. The court erred in overruling the defendant's motion for judgment notwithstanding the verdict.

9. The court erred in not sustaining defendant's demurrer to the evidence which was interposed by it at the close of the plaintiff's evidence.

On the 3rd day of January, 1916, at a subsequent term of court, the court passed upon and sustained said motion for a new trial, and it appears from the record before us that said motion was sustained upon the theory that the demand made by the plaintiff in error upon the bank for the return of usury only demanded the sum of $85, and that the trial court took the view that the plaintiff in error was entitled to recover no more than the amount of his demand, and, inasmuch as the plaintiff in error refused to remit all of the judgment recovered by him against the bank, save and except the sum of $85, the motion for a new trial was sustained, from which the plaintiff in error has appealed to this court, contending that the record shows beyond all reasonable doubt that the trial court manifestly and

materially erred with respect to a pure, simple, and unmixed question of law, and but for the same this motion for a new trial would not have been sustained. Ten Cate v Sharp, 8 Okla. 300, 57 Pac. 645.

Section 5033 of Revised Laws 1910, contains the grounds for which a new trial may be heard, and the fifth subdivision thereof provides:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property."

It will be noticed here that the motion for a new trial filed by the bank in the instant case does not assign subdivision 5 of said section as a reason therefor.

This court in Yates v. First Nat. Bank of Mill Creek, 42 Okla. 95, 140 Pac. 1174, held:

"1. * * * This court will not review an alleged error of a trial court, unless the error complained of is assigned for review by the petition in error, as well as by the motion for a new trial.

"2. * * * Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon contract, cannot be considered on appeal, unless such error is assigned in the motion for a new trial as a ground therefor.

"3. * * * An action to recover usury is one arising on an implied contract; and, where the plaintiff, in an action to recover usurious charges, complains of the amount of the verdict in his favor, it is necessary that the motion for a new trial contain as ground therefor the fifth subdivision of section 5825, Comp. Laws 1909 (Rev. Laws 1910, § 5033)."

This rule above announced may also be found in Southwestern Cotton Seed Oil Co v. Bank of Stroud, 12 Okla. 168, 70 Pac. 205: also, Graham v. Yates, 36 Okla. 148, 128 Pac. 119. And in Citizens' State Bank v. Strahan, 63 Okla. 288, 165 Pac. 189, it is held:

"The Supreme Court will not examine the record to ascertain whether the amount found by the court or jury is the correct amount, or, indeed, review any of the other alleged errors committed at the trial which are not presented in the lower court for re-examination by motion for new trial or otherwise."

In St. Louis, I. M. & S. R. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396, it is held:

"A cause for a new trial is waived unless it be stated in a motion therefor."

And in the body of the opinion it is said:

"The statutory enumeration of grounds for a new trial is, in this jurisdiction, exclusive; and any matter for which a new trial may be granted is waived if not embraced in a motion therefor."

See, also, Caddo State Bank v. Moore, 30 Okla. 148, 120 Pac. 1003.

We are therefore of the opinion that the trial court committed error in sustaining the motion of the defendant in error for a new trial on the ground that the verdict was excessive, for the reason that the motion for a new trial did not specify that there was error in the assessment of the amount of recovery whether too large or too small.

This court, in the Strahan Case, above cited, has said that any demand will be sufficient which notifies the lender that the borrower intends to claim the benefits given him by the statute, and that a demand similar to the one in the case at bar was sufficient as the law did not require any particular form or condition for the same.

The evidence in the trial court below is not here. We are unable to say whether the motion for a new trial should have been sustained upon the other grounds assigned in said motion, for the reason that we have been unable to review this evidence. If the motion should have been sustained for any of the reasons other than the one assigned by the court, the action of the trial court in sustaining said motion for a new trial should not be disturbed here. While the reason assigned by the court may be error, yet, if the action of the court in granting said new trial can be sustained upon any of the other questions presented in said motion, we should not disturb the same here.

This judgment rendered in favor of the plaintiff in error may not have been supported by the evidence; if not, the trial court was right in sustaining the motion for a new trial. This and other questions might have arisen in the mind of the court which we cannot review on account of the absence of the evidence.

For these reasons, the judgment of the lower court is affirmed.

By the Court: It is so ordered.