## LACEY v. FIRST NAT. BANK OF MAUD.

No. 19605.   Opinion Filed Sept. 9, 1930.

Ira J. Banta, for plaintiff in error.

Criswell & Billingsley and George Miller, for defendant in error.

LESTER, V. C. J. The parties on appeal appear in the reverse order to that in the district court, and for convenience they will be referred to as they appeared there.

The plaintiff brought suit against the defendant to recover judgment in the sum of $986, together with interest and attorney's fee, upon a certain promissory note executed by the defendant to the plaintiff.

The defendant filed his answer and cross-petition, in which he admitted the execution and delivery of said note and chattel mortgage sued upon, but denied that he was liable thereon for the reason that certain usurious interest was charged. The plaintiff filed a reply to the defendant's answer and also an answer to the defendant's cross-petition.

The case was tried to the court without a jury, resulting in a judgment for plaintiff

in the sum of $720, and the foreclosure of the chattel mortgage.

The defendant filed a motion for new trial, which was by the court overruled.

On page 14 of the defendant's brief is shown that the defendant claims that he should have been entitled to a credit of $517.64, and that if such credit were allowed, the plaintiff's recovery would have been $433.31 instead of $720 as rendered by the court.

We find that the defendant contends on appeal that the court did not allow a sufficient credit on the amount sued on and therefore the judgment is excessive.

An examination of the defendant's motion for new trial shows it does not state that the judgment was excessive.

Section 572, C. O. S. 1921, contains a number of causes which will justify the court in setting aside the judgment, and the 5th subdivision thereof provides:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon contract, or for injury or detention of property."

The defendant states at page 4 of his brief:

"We desire to present only one proposition, which will include all assignments of error contained in our petition in error. This proposition is that the judgment of the court is contrary to and not supported by the evidence."

In the case of Graham v. Yates, 36 Okla. 148, 128 Pac. 119, it is stated in paragraphs 1, 2, 3, and 4:

"1. This court will not review an alleged error of the trial court, unless the error complained of is assigned for review by the petition in error as well as by the motion for new trial.

"2. Error in the assessment of the amount of recovery cannot be considered, unless such error is alleged in the motion for new trial.

"3. An assignment of error which alleges that the verdict is not sustained by the evidence will not cover the question of error in the assessment of the amount of recovery.

"4. Where the evidence is sufficient to sustain a verdict for a greater sum than that found by the jury, this court will not examine the record to ascertain whether the exact sum so found was the correct amount, where error in the assessment of the amount of recovery is omitted from the motion for new trial."

We think it is incumbent upon the complaining party, where the amount of the judgment is excessive, to properly attack the same by a motion for new trial as provided by section 572, supra.

In the case of Baker v. Citizens' State Bank of Okeene, 74 Okla. 182, 177 Pac. 568, this court said:

"We are therefore of the opinion that the trial court committed error in sustaining the motion of the defendant in error for a new trial on the ground that the verdict was excessive, for the reason that the motion for a new trial did not specify that there was error in the assessment of the amount of recovery, whether too large or too small."

The general finding of the court is supported by the evidence.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.