## CHICAGO, ROCK ISLAND & PACIFIC R. CO. v. BEAM.

No. 34325.   March 14, 1950.

Rehearing Denied May 2, 1950.

*217 P. 2d 807.*

Savage, Gibson, Benefield & Hart, of Oklahoma City, for plaintiff in error.

Suits, Weiss & Berry, of Oklahoma City, for defendant in error.

LUTTRELL, J. On the 16th day of December, 1948, plaintiff below, Maude Beam, obtained a verdict against the defendant, Chicago, Rock Island & Pacific Railroad Company, for the sum of $175 in an action brought by her for damages to her automobile and personal injuries alleged to have been sustained because of the negligence of defendant. Thereafter, on the 17th day of December, 1948, the trial court upon motion of plaintiff set aside the verdict and granted her a new trial.

Defendant appealed and contends that the order granting the new trial is contrary to law   The trial court in granting the motion stated:

"The court states that in accordance with subsection 5, Title 12 O. S. 651, the court is compelled to grant a new trial."

The subsection provides:

"Error in the assessment of the amount of recovery, whether too large or to small, where the action is upon a contract, or for the injury or detention of property."

The petition pleads three causes of action. In the first plaintiff claims damages for personal injuries, in the second she claims damages for loss of time, and in the third she claims damages to her automobile in the sum of $302.35. During the trial it was stipulated by the parties that the damage to her automobile was $285.85.

The court gave the following instruction:

"Should you find from a preponderance of the evidence, under the instructions, in favor of the plaintiff on her third cause of action, then you may assess the amount of her recovery thereon as the reasonable and necessary cost of repairing said 1939 Oldsmobile automobile caused by the collision in question, not to exceed the sum of $285.85, the amount sued for on her third cause of action."

Under the facts in this case we think the foregoing instruction was equivalent to an instruction that if the jury found defendant liable to plaintiff by reason of the negligence alleged, it should return a verdict for her for the admitted and agreed damage to her car.

The jury returned the following verdict:

"We, the jury, duly empanelled and sworn in the above entitled cause, do upon our oaths find for the plaintiff,

and fix the amount of her recovery at $175.00—on her first, second and third cause of action; total recovery, $175.00."

It is contended by plaintiff that under the stipulation, whereby the damages to the car were agreed upon, and the instructions of the court, she was entitled to recover under her third cause of action the sum of $285.85 for damages to the automobile, if entitled to any recovery, and that since the jury did return a verdict in her favor, generally but for only $175, the court correctly set aside the verdict under the above subsection of the statute on the ground that the recovery was too small.

Under subsection 5, supra, in an action for the recovery of damages for injury to property the verdict may be set aside because the damages assessed are too small, while under 12 O.S. 1941 §652, in a personal injury action, the verdict may not be set aside because of the smallness of the damages.

It is the contention of the defendant that the court sustained the motion for new trial upon a ground not assigned therein and therefore erred on a pure unmixed question of law, citing Shreve v. Cornell, 182 Okla. 193, 77 P. 2d 1; Browne v. Bassett, 191 Okla. 22, 126 P. 2d 706, and like cases.

One of the errors assigned in the motion for new trial was:

"That the verdict is contrary to the instructions of the court upon the measure of damages."

In Glaser v. Glaser, 13 Okla. 389, 74 P. 944, the rule was stated as follows:

"It is not necessary to use the language of the statute as a ground for new trial, if definite and specific causes are properly alleged, coming within one of the statutory grounds."

The verdict of the jury in the sum of $175 cannot be justified under any hypothesis. The amount of damage to the car was agreed upon. The defense was the defendant was not liable in any amount. If liable at all it was liable at least for the stipulated damage.

In the above-quoted ground set up in the motion for new trial error was charged as to the amount found due. In Graham v. Yates, 36 Okla. 148, 128 P. 119, this court quoted with approval the following language from Syndicate Imp. Co. v. Bradley, 7 Wyo. 228, 51 P. 242:

"The difference between an allegation that the judgment is not sustained by sufficient evidence, or is contrary to law, and one that there is error in the amount of recovery, is obvious. Under the latter there would be no dispute respecting the correctness of the judgment in general. That it was rendered in favor of the proper party would be conceded. The error would be charged only as to the sum found due. . ."

Unless the record affirmatively shows that the trial court in sustaining a motion for new trial has manifestly erred in some pure, simple and unmixed question of law, its ruling in this respect will not be reversed on appeal. From the record here we are unable to say that the trial court so erred.

Affirmed.

ARNOLD, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., concurs in part and dissents in part. GIBSON, J., dissents.

HALLEY, J. (concurring in part and dissenting in part). The verdict in this case presents an anomalous situation. I concur with the majority opinion in granting a new trial as to the property damage under subdivision 5 of sec. 651, Title 12, O. S. 1941, since the jury disregarded the evidence as to the amount of damage to the automobile; but I do not think that the plaintiff is entitled to a new trial as to her personal injuries. Title 12, sec. 652, O.S. 1941, specifically provides that a new trial shall not be granted on account of the smallness of the damages in an action for injury to the person. If the defendant were willing to pay the judgment for $175 for the personal injuries, the plaintiff cannot complain, and is not

entitled to have the issue on that item retried in the absence of a showing that the defendant would not pay said amount.

Second Petition for Rehearing Denied May 2, 1950.