**RED RIVER CONSTRUCTION COMPANY, an Oklahoma Corporation, Appellant,**

v.

**The CITY OF NORMAN, Oklahoma, a Municipal Corporation, William S. Morgan, Samuel Chapmen, Libba Smith, George Russell and Rod Talley, Appellees.**

No. 53895.

Supreme Court of Oklahoma.

Feb. 24, 1981.

Fielding D. Haas, Norman, for appellant.

Douglas Juergens, City Atty., Norman, for appellee the City of Norman, Oklahoma.

Pierce, Couch, Hendrickson, Johnston & Baysinger by Robert W. Amis, Oklahoma City, for appellees William S. Morgan, Samuel Chapman, Libba Smith, George Russell and Rod Talley.

HARGRAVE, Justice.

This action was commenced in the District Court of Cleveland County by the Red River Construction Company in August of 1978, against the city of Norman and the members of the City Council of that city. The city of Norman attempted to remove the action to federal court and the cause was remanded to state court in September of the same year. Plaintiff's allegations established it was the owner of a lease for the purpose of mining riverbed sand at the southern end of the city of Norman's street called 24th Avenue S.W., on the north bank of the Canadian River, and that 24th Street is the sole and only route or way which the Red River Construction Company has to transport the mined sand into commerce. Further, plaintiff stated in its petition the citizens of the city have objected to the use of the named street as a thoroughfare for its sand trucks. Pursuant to the objections of the town's citizens, the governing body considered an ordinance explicitly designed to prohibit sand trucks from traveling on the street. Later this weight limit ordinance, 0–7879–2, was passed. Plaintiff denied the ordinance was adopted to protect the public welfare, protect the street, regulate weights or other lawful purposes but was passed "to belay and satisfy the complaints of property owners living along said street." Plaintiff's petition further pled that if the ordinance was allowed to take effect plaintiff's business will necessarily be closed, and the plaintiff will be deprived of property rights without due process guaranteed under the 14th amendment to the United States Constitution and Article 2, Sec. 23 of the Constitution of Oklahoma. The plaintiff sought an injunction restraining enforcement of the ordinance and sought damages under 42 U.S.C. § 1983:

Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The trial court temporarily enjoined defendants from enforcing the ordinance on October 19, 1978. After a non-jury trial plaintiff's permanent injunction was denied July 16, 1979. The journal entry was filed four days later granting judgment for the defendant on all causes of action. Plaintiff now brings this appeal from the final judgment encompassed by that journal entry as modified by memorandum decision in an original action in this court, S.Ct. # 54,094, the 3rd day of November, 1979. The appeal was assigned to the Court of Appeals, Division II for decision. That tribunal reversed the trial court and remanded the cause for trial on the damage cause of action. The Court of Appeals held the ordinance, which restricts by weight the traffic which may use 24th Street sought of Van Buren to vehicles under 17,000 pounds, unreasonable, arbitrary and capricious. Summarized, the opinion stated the ordinance affects only the appellant; there is no other reasonable means of ingress and egress to appellant's property; and the ordinance was not adopted in furtherance of the public welfare but to stop sand mining in the area. The Court of Appeals then states the record clearly shows the activity was closed down by ordinance rather than by enjoining a nuisance after stating correctly that motive for passage of an ordinance is not properly considered.

The appellees have sought a writ of certiorari from the decision of the Court of Appeals, which has been previously granted. It is essential to the resolution of the issues contained herein to note that plaintiff's claim for damages arises solely from the allegation that the ordinance is unconstitutional and deprived plaintiff of rights, privileges and immunities guaranteed by the Constitution of the United States. No claim is made raising issues grounded on a taking by eminent domain effected by the ordinance.

Regulation of size and weight of vehicles authorized to travel a street or highway is one aspect of regulation of street and highway traffic. As such, those regulations are referable to the police power of the state. *Brewer v. City of Norman, 527 P.2d 1134 (Okl.1974)*. In its exercise of authority over the highways of the state, regulation may be designed to prevent wear and hazards due to excessive size or weight of loads. Those limitations of size and weight are manifestly subjects within the broad range of legislative discretion. When the subject of legislation is within the penumbra of the state's police power, debatable questions as to reasonableness are not for the courts but the legislature which is entitled to form its own judgment. The legislature's judgment on such matters cannot be set aside simply because compliance is burdensome. *Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932)*. Municipal legislative action arising from the police power is not subject to judicial impeachment on the basis that the legislation is questionable on points of wisdom or propriety. Those inquiries are reserved for the legislative body having the responsibility and duty of legislating. Therefore, if the reasonableness, wisdom and propriety of legislative questions is a fairly debatable point, then that action comes within the ambit of a permissible exercise of legislative discretion, although compliance with the edict may be burdensome. *Standard Oil Co. v. City of Marysville, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856 (1929)*. Stated otherwise, in the jurisdiction of Oklahoma, a municipal corporation may act legislatively at any time its interest is properly concerned and its legislative judgment of the necessity to act is final and conclusive, subject only to reasonableness under a rule of law which may be judicially applied to its enactments or ordinances and the enforcement of them. *City of Bethany v. District Ct. of Okla. County, 191 P.2d 187 (1948)*.

The municipality has enacted the questioned ordinance in response to citizens' complaints relative to the health, safety and welfare of the residents along the street. These concerns revolve around safety of children waiting for school buses and citizens attending a park located on a southerly portion of the street considered. The record contains no evidence the road has been damaged by the sand truck traffic.

Assuming the concern over safety of citizens is supported by the evidence it is clear the municipality may not entirely prohibit vehicular ingress and egress of plaintiff. The issue is thus formed to be whether the city ordinance enacted bears a rational relationship to the concern for health, welfare and safety.

■ The municipality has not attempted to completely close the street to plaintiff, only regulate the size of the vehicle plaintiff may utilize. Plaintiff may continue its enterprise using trucks of less than 17,000 pounds. Plaintiff's testimony reflects the business could be conducted with vehicles of this weight, albeit at a lower profitability. The record demonstrates the plaintiff has a permit from the Corps of Engineers to remove a fixed amount of sand. The ordinance does not regulate plaintiff's business other than the gross weight of his trucks. The effect of the ordinance would be to require plaintiff to traverse the questioned street more often to carry on his business. The problematic threat caused by the sand would remain fixed, but the real health and safety threat which was the object of the ordinance caused by the increase of the number of trucks would be proportionately increased. The record demonstrates the present truck traffic has not damaged the street and thus the reduction of the size of the individual weight of vehicles is demonstrated not to be responsive to damage of the road surface. Further, the city's employees stated the trucks were found not to violate the city noise ordinance. This Court is constrained to find the ordinance beyond the scope of the police power since the record demonstrates the ordinance bears no real or substantial relationship to public health, safety or welfare, inasmuch as it is not only not reasonably related to the betterment of citizens' health, safety and welfare but even tends to increase traffic density and the risk to citizens from the use of plaintiff's property. That increase in the hazard presented by increased density on the questioned street, coupled with an absence of benefit conferred, such as alleviation of road damage, and others, lead to the conclusion that the questioned ordinance under these facts is actually counterproductive of the legitimate aims of the police power.

■ The appellee City of Norman contends the fact that Red River Construction Company is a lessee has a bearing upon the city's power to restrict the lessee's traffic over 24th Street. This point was laid to rest in *City of Shawnee v. Robbins Bros. Tire Co., 134 Okl. 142, 272 P. 457 (1928)*, wherein at p. 459 this Court noted that the abutting owner has the right of ingress and egress to and from his lot over and by means of the adjacent portion of the street. The right of ingress and egress exists whether or not the abutter owns the fee to the center of the street, leaving the public merely an easement of passage, or whether the title to the entire highway is vested in the public. The right of access is appurtenant to the lot and is private property, and passes to the lessee of the property while he is in lawful possession.

The journal entry of judgment found in the record states simply that the law and facts are found on all causes of action in favor of the defendants. The two causes of action are for an injunction to prohibit enforcement of an invalid ordinance, and for damages arising therefrom. The trial court's determination that the ordinance was valid was fatal to both causes of action, and the journal entry could have recited that fact and determined this action. Nevertheless, the record additionally discloses the trial court made a broad finding on both the facts and the law after a complete trial on the merits. Such broad language requires the conclusion that the trial court found both fact and law supported a

defendant's judgment on the second cause of action. We find the effect of this journal entry is to find the act valid, and that as a matter of fact no damages had been incurred by plaintiff, due to the fact the ordinance had not been enforced at the time of trial. The petition in error, citing five errors, does not raise the error implicit in the journal entry's finding of no damage, save for the second proffered error, which simply states the decision is contrary to the law and evidence. The fifth ground listed relates to the second cause of action explicitly stating the trial court erred as a matter of law in refusing to find for the appellant under its second cause of action. The relief sought by the appellant is the reversal of the denial of a permanent injunction and the reversal of the trial court's decision in the second cause of action, and judgment in favor of appellant thereon. Appellant's last proposition in its brief refers, as does the last allegation of error in the petition in error, to the erroneous legal conclusion that the ordinance was constitutional and not to the proposition that damages were incurred. The only error raised in the petition in error relative to evidence of damage is the second specification, the decision being contrary to the law and evidence. Assignments of error have from an early time been held not to present the question of error in the assessment of damages where the specification of error merely states the verdict is not sustained by the evidence. *Graham v. Yates, 36 Okl. 148, 128 P. 119 (1912), Southwestern Cotton Seed Oil Co. v. Bank of Stroud, 12 Okl. 168, 70 P. 205 (1902).*

 Additionally, the brief of appellant raises questions of law as erroneously decided on the second cause of action in his petition but does not contain argument that the plaintiff did suffer damage from the enforcement of the invalid ordinance.[1] The brief confined itself to the future damage that would result from enforcement of the ordinance. Propositions of error unsupported by argument or citation of authority

in the brief are not considered on appeal. *Mid-Continent Casualty Co. v. Jenkins, 431 P.2d 349; Kansas City Southern Ry. Co. v. Johnston, 429 P.2d 720, cert. den. 389 U.S. 985, 88 S.Ct. 481, 19 L.Ed.2d 471 (Okl.1967).*

 Thus the trial court's implied finding that plaintiff suffered no damage to date of trial from passage of the invalid ordinance is affirmed. The opinion of the Court of Appeals, Division II is vacated. The trial court's denial of a permanent injunction to restrain enforcement of City Ordinance No. O–7879–2 is reversed, and defendant is hereafter enjoined from enforcement of Ordinance No. O–7879–2. The trial court's judgment for defendants on the second cause of action is affirmed.

REVERSED IN PART; AFFIRMED IN PART.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, LAVENDER, SIMMS, DOOLIN, and OPALA, JJ., concur.

---

1. Other possible ramifications of liability to suit in 42 U.S.C.A. § 1983 proceedings not raised here are discussed in *Supreme Court of Virginia, et al., v. Consumers Union of the United States, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).*