Dear Honorable Lawter,
The Attorney General has received your request for an official opinion asking, in effect:
 May the State Board for Property and Casualty Rates lawfully approve rate schedules for premiums for Workers' Compensation insurance policies which establish unequal premium rates for workers in the same type of employment based upon salary differences for such workers?
Under the provisions of 36 O.S. 332(A) (1981), the State Board for Property and Casualty Rates is vested with the authority and duty to approve, disapprove or approve with modifications, all filings submitted to it for review by insurance carriers under its jurisdiction doing business in the state. This oversight duty includes review of workers' compensation insurance rates.
Title 85 O.S. 21 (1981) of the Workers' Compensation Act provides that the average weekly wage of an injured employee at the time of an injury shall be taken as the basis upon which to compute the amount of compensation that any such injured worker is entitled to receive under the Act. Your precise question asks if it is a legitimate exercise of the Board's authority for it to approve premium filings which take into account the different salaries that employers might pay employees performing the same job functions and, therefore, charge different premium rates based upon these different salaries, even though the risks entailed in such jobs are the same.
It is settled that exact equality is not a prerequisite of equal protection of laws within the meaning of the Fourteenth Amendment to the Constitution of the United States. Norvell v. Illinois, 373 U.S. 420,83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); Kirk v. Board of County Commissionersof Muskogee County, 595 P.2d 1334,1336 (Okla. 1979). Accord, Clegg v.Oklahoma State Election Board, 637 P.2d 103, 105 (Okla. 1981). All that is required, absent the intrusion of discrimination in a suspect area, is that a classification rest on real and not feigned differences, that it have some rational relationship and relevance to the purpose for which the classification is made, and that different treatments are not so disparate relative to the difference in classification as to be completely arbitrary. Kirk, supra. This test has been applied previously in this State to classifications made under the authority of the Workers' Compensation Act. See, e.g., Cyrus v. Vierson Cochran, Inc.,631 P.2d 1349, 1354 (Okla.App. 1981).
In reviewing the legitimacy of statutory schemes, the wisdom or desirability of same will not be addressed, such decisions being in the exclusive province of the Legislature. See, e.g., State ex rel. York v.Turpen, 681 P.2d 763 (Okla. 1984); Red River Construction Co. v. City ofNorman, 624 P.2d 1064 (Okla. 1981). Given the clear and long-standing statutory procedure in this State that the salary of an employee injured on the job will provide the basis for the amount of any award that is due such an employee, it cannot be said that a classification scheme by an insurer that takes this statutory mandate into account is an unconstitutional scheme, at least as such a scheme relates to benefits payable up to the maximum compensation limits provided for in 85 O.S.22(6) (1981). Under that statutory subsection, compensation benefits payable to any injured worker are limited to sixty-six and two-thirds percent (66 2/3%) of the State's average weekly wage as determined by the Oklahoma Employment Security Commission for temporary disability, as of July 1 of the previous year. This average weekly wage, once set, is used for a twelve-month period.
Classification schemes which impose different premium rates upon employers to provide coverage for workers in identical job and risk classifications, where those employees are paid salaries equal to or greater than this average weekly salary, bear no rational relationship to the benefits potentially payable by the insurers in the event of a job-related injury suffered by the worker, or the risk incurred by the insurer in providing such coverage. Accordingly, approval by the State Board of a classification scheme not taking such maximum payments into account, thereby authorizing an arbitrary and irrational classification scheme upon employers, would be violative of the Equal Protection Clause.
It is, therefore, the official opinion of the Attorney General that theState Board for Property and Casualty Rates does have the authority toapprove rate schedules for premiums for workers' compensation insurancepolicies in this State which establish unequal premium rates for workersin the same type of employment based upon salary differences for suchworkers, as long as such schemes take into account the maximum benefitspayable to workers under the Act as set forth in 85 O.S. 22(6) (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, DEPUTY CHIEF, TORT DEFENSE DIVISION