The Honorable T. W. Shannon State Representative, District 62 State Capitol, Room 328A Oklahoma City, Oklahoma 73105-4885
Dear Representative Shannon:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 Title 47 O.S.Supp. 2009, § 14-109[47-14-109] of the Oklahoma Highway Safety Code establishes weight and load limits for vehicles traveling on Oklahoma roads and highways. Subsection 14-109(A) sets out a table establishing the limit in pounds that may be carried on any group of two or more consecutive axles on a vehicle or combination of vehicles based on the distance in feet between the extreme axles of any group of axles. Subsection 14-109(B) establishes limited exceptions to subsection (A) for a truck-tractor and dump semitrailer when used as a combination unit.
 1. Do the exceptions contained in 47 O.S.Supp. 2009, § 14-109[47-14-109](B) dealing with vehicle weight limits, apply to a tractor truck and end dump trailer with tandem axles and a short wheelbase operating as a combination unit?
 2. If so, do the exceptions contained in 47 O.S.Supp. 2009, § 14-109[47-14-109](B) dealing with vehicle weight limits, exempt a tractor truck and end dump trailer operating as a combination unit from the weight limitations contained in subsection 14-109(A)?
 3. Should the interpretation of 47 O.S.Supp. 2009, § 14-109[47-14-109] by the Department of Public Safety and the Oklahoma Corporation Commission have been implemented pursuant to the Administrative Procedures Act or other means of notice, and if so, does the fact the agencies failed to promulgate rules or provide other means of notice to that effect nullify any citations issued on vehicles based on this interpretation? *Page 2 
The questions you ask relate to statutes enacted as part of the Oklahoma Highway Safety Code that regulate the weight and load of vehicles traveling on Oklahoma's roads and highways. These statutes were enacted, in part, to comply with the federal government's restriction of the operation of vehicles on the interstate highway system.
I.
 THE FEDERAL-AID HIGHWAY ACT REQUIRES STATE LAWS TO MEET CERTAIN REQUIREMENTS.
The federal law, part of the Federal-Aid Highway Act found at23 U.S.C. § 127(a)(1), provides:
 No funds shall be apportioned in any fiscal year under section 104(b)(1) of this title to any State which does not permit the use of the Dwight D. Eisenhower System of Interstate and Defense Highways within its boundaries by vehicles with a weight of twenty thousand pounds carried on any one axle, including enforcement tolerances, or with a tandem axle weight of thirty-four thousand pounds, including enforcement tolerances, or a gross weight of at least eighty thousand pounds for vehicle combinations of five axles or more.
Id. The federal statute contains what is called a Federal Bridge Formula. The Federal Bridge Formula authorizes certain vehicle weight limits depending on the number of axles and the distance in feet between the extreme of any group of two or more of the vehicle's consecutive axles. The formula calculations require a series of weight measurements to determine compliance. As stated in the pamphlet Bridge FormulaWeights published by the United States Department of Transportation, Federal Highway Administration:
 Federal law states that any two or more consecutive axles may not exceed the weight computed by the Bridge Formula even though single axles, tandem axles, and gross weight are within legal limits. As a result, the axle group that includes the entire truck — sometimes called the "outer bridge" group — must comply with the Bridge Formula. However, interior combinations of such axles, such as the "tractor bridge" (axles 1, 2, and 3) and "trailer bridge" (axles 2, 3, 4, and 5), must also comply with weight computed by the Bridge Formula (Figure 3). *Page 3 
Id. at 4, available at
http://ops.fhwa.dot.gov/freight/publications/brdg_frm_wghts/ bridge_formula_all.pdf. The vehicle in this illustration is a five-axle truck-tractor with two sets of tandem axles.
If a state, according to the determination of the United States Secretary of Transportation, "is not adequately enforcing all State laws respecting such maximum vehicle size and weights," the Secretary of Transportation may reduce, by 10 percent, the Federal-aid highway funds apportioned to that state. 23 U.S.C. § 141(b)(2). The Oklahoma Legislature has specifically recognized the funding mandate of subsection 127(a) and indicated its intent that state regulation shall be subject to the limitations of federal law. Title 47 O.S. 2001, § 14-101 [47-14-101](C) provides:
 All size, weight and load provisions covered by this chapter shall be subject to the limitations imposed by Title 23, United States Code, Section 127, and such other rules and regulations developed herein. Provided further that any size and weight provision authorized by the United States Congress for use on the National System of Interstate and Defense Highways, including but not limited to height, axle weight, gross weight, combinations of vehicles or load thereon shall be authorized for immediate use on such segments of the National System of Interstate and Defense Highways and any other highways or portions thereof as designated by the Transportation Commission or their duly authorized representative.
Id. This section of Oklahoma law also makes it a misdemeanor for "any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or vehicles of a size or weight exceeding the limitations stated in this chapter or otherwise in violation of this chapter[.]" Id. § 14-101(A).
The Oklahoma Supreme Court held that the regulation of size and weight of vehicles authorized to travel on a street or highway is one aspect of regulation of street and highway traffic. Red RiverConstr. Co. v. City of Norman, 624 P.2d 1064, 1066 (Okla. 1981). The court found that "regulation may be designed to prevent wear and hazards due to excessive size or weight of loads." Id.
 II. OKLAHOMA LAW PROVIDES A LIMITED EXCEPTION FROM THE TABLE AT 47 O.S.SUPP.2009, § 14-109(A) FORTRUCK-TRACTOR AND DUMP SEMITRAILERS USED AS A COMBINATION UNIT.
Title 47 O.S.Supp. 2009, § 14-109[47-14-109] sets out a table to use in determining the maximum weight in pounds that may be carried on any group of two or more consecutive axles for vehicles or combination of vehicles traveling on Oklahoma roads and highways. The statute states:
 A. On any road or highway:
 1. No single axle weight shall exceed twenty thousand (20,000) pounds; and *Page 4 
 2. The total gross weight in pounds imposed thereon by a vehicle or combination of vehicles shall not exceed the value given in the following table corresponding to the distance in feet between the extreme axles of the group measured longitudinally to the nearest foot.
Id.[1] This provision has two parts: it establishes that no single axle weight may exceed twenty thousand (20,000) pounds and it sets out a table to use in determining the maximum allowable load based on the distance in feet between the extremes of any group of two or more consecutive axles. The references to "any group" in the table and in the statutory language indicate that, like the Federal Bridge Formula, the Oklahoma statute requires using the table to determine not only the weight to be carried by the entire vehicle (the outer bridge) but also the weight to be carried by interior combinations of axles (inner bridges). In the following illustration, axles one through five constitute the outer bridge and axles one through three and axles two through five make up inner bridges.

Even if the overall weight for the entire vehicle is within legal limits, no individual group of axles may exceed the weight set forth in the table for those inner bridges. The table is set forth in part as follows:
Distance in Feet
Between
the Extremes [of] Maximum Load in Pounds Carried on
Any Group of 2 or Any Group of 2 or More Consecutive Axles
More Consecutive
Axles
 2 Axles 3 Axles 4 Axles 5 Axles 6 Axles
 4 34,000 _____ _____ _____ ______
 5 34,000 _____ _____ _____ ______
 6 34,000 _____ _____ _____ ______
 7 34,000 _____ _____ _____ ______
 8 34,000 42,000 _____ _____ ______
 . . . [rows omitted to save space]
 28 _____ 59,000 60,500 65,500 71,000
 29 _____ 60,500 61,500 66,000 71,500
 30 _____ 62,000 62,000 66,500 72,000
 31 _____ 63,500 63,500 67,000 72,500
 32 _____ 64,000 64,000 68,000 73,500
 33 _____ _____ 64,500 68,500 74,000
 34 _____ _____ 65,000 69,000 74,500
 35 _____ _____ 66,000 70,000 75,000
 36 _____ _____ 68,000 70,500 75,500
 37 _____ _____ 68,000 71,000 76,000
 38 _____ _____ 69,000 72,000 77,000
 39 _____ _____ 70,000 72,500 77,500
 40 _____ _____ 71,000 73,000 78,000
 41 _____ _____ 72,000 73,500 78,500
 42 _____ _____ 73,000 74,000 79,000
 43 _____ _____ 73,280 75,000 80,000
 44 _____ _____ 73,280 75,500 80,500
 45 _____ _____ 73,280 76,000 81,000
 46 _____ _____ 73,280 76,500 81,500
 47 _____ _____ 73,500 77,500 82,000

47 O.S.Supp. 2009, § 14-109[47-14-109](A)(2). *Page 5 
A separate statute, 47 O.S. 2001, § 14-109.2 [47-14-109.2], also demonstrates that Oklahoma law requires not only adherence to an overall gross limit in the statute but also single axle and tandem axle limitations. This statute begins by discussing the weighing of vehicles delivering agriculture commodities to and from the farm and then states at subsection (B): *Page 6 
This section shall not be construed to allow or permit any vehicle or combination of vehicles to exceed:
 1. The axle load limit, as prescribed in Section 14-109 of this title, of twenty thousand (20,000) pounds per single axle; or
 2. The tandem axle weight, as prescribed in Sections 14-101 and 14-109 of this title; or
 3. The overall gross vehicle weight of eighty thousand (80,000) pounds for vehicles or ninety thousand (90,000) pounds for longer combination vehicles as defined in U.S. Code 23, Section 127, operating on the Dwight D. Eisenhower System of Interstate and Defense Highways in accordance with the provisions of Section 14-118 of this title; or
 4. The total overall gross weight of ninety thousand (90,000) pounds for all other highways in this state, except those highways prescribed in Section 14-113 of this title.
Id. Under this section, the overall gross vehicle weight limit is 80,000 pounds for vehicles traveling on federal highways and 90,000 pounds for those traveling on state highways.
The Legislature has authorized exceptions from certain weight limits in the table for certain combination vehicles.[2] The exception about which you inquire is found at subsection 14-109(B), which provides:
 Except as to gross limits, the table in subsection A of this section shall not apply to a truck-tractor and dump semitrailer when used as a combination unit. In no event shall the maximum load in pounds carried by any set of tandem axles exceed thirty-four thousand (34,000) pounds for vehicles exempt from the table; however, any vehicle operating with split tandem axles or tri-axles shall adhere to the table.
Id. (emphasis added).
The exception first came into being in 1972 when it read at what was then subsection (d), "[t]he above table shall not apply to a truck-tractor and dump semi-trailer when such are used as a *Page 7 
combination unit." 1972 Okla. Sess. Laws ch. 52, § 4(d). In 1977, the exception was amended to limit the exception for a truck-tractor and dump semitrailer combination. 1977 Okla. Sess. Laws ch. 55, § 4(c). The 1977 amendment read:
 (c) Except as to gross limits, the table in subsection (a) of this section shall not apply to a truck tractor and dump semitrailer when such are used as a combination unit. In no event shall the maximum load in pounds carried by any set of tandem axles exceed thirty-four thousand (34,000) pounds for vehicles exempt from said table. However, any such vehicle operating with split tandem axles or tri-axles shall adhere to the table.
Id. (emphasis added). The Supreme Court has held that when amending a statute the Legislature may have intended either "(a) to clarify that which previously appeared doubtful or (b) to effect a change in the existing law." Johnson v. City of Woodward, 38 P.3d 218, 223 (Okla. 2001). By this 1977 amendment, the Legislature intended to maintain an exception for a truck-tractor and dump semitrailer when used as a combination unit, but did not intend to give an unqualified exception for such combination vehicles. This limitation recognizes the need for shorter vehicles to operate in limited areas such as construction sites, but does not allow such a heavy concentration of weight in a shorter area such that excessive damage to roads and bridges occurs.
Several other changes have been made to the exception over the years. In 1987 the Legislature changed the exception to what was then subsection (b) and added a reference to the Federal Bridge Formula, with the additional language reading:
 Dump truck vehicle configurations in excess of six (6) axles with gross vehicle loads of 90,000 pounds or less shall be subject to the Bridge Gross Weight Formula limitations of [W=500 ((LN/N-1) + 12N + 36)]
 imposed by Title 23, U.S. Code Section 127.
1987 Okla. Sess. Laws ch. 6, § 5(b). Later that year, the Legislature amended the statute to delete the reference to the Bridge Weight Formula. See 1987 Okla. Sess. Laws ch. 232, § 5(b). The 1998 amendment changed punctuation before the word "however" and made some minor changes amending the exception to read as it does today. See 1998 Okla. Sess. Laws ch. 289, § 1(B).
A plain reading of the language of this exception shows that while a truck-tractor and dump semitrailer used as a combination unit is exempted from certain requirements of the table, that exception is not without limitations. These limitations are: (1) no weight load, even that of a combination truck-tractor and dump semitrailer, may exceed gross limits; (2) the maximum load in pounds carried by any set of tandem axles may never exceed thirty-four thousand pounds; and (3) a vehicle operating with split tandem axles or tri-axles is not exempt from the table. 47 O.S.Supp. 2009, § 14-109[47-14-109](B). *Page 8 
In your first question, you ask whether the exception in subsection 14-109(B) applies to the combination of a tractor truck and end dump trailer with tandem axles and a short wheelbase. The statutory exception refers to a "truck-tractor and dump semitrailer when used as a combination unit." Id. We must determine whether these terms refer to the same type of vehicle about which you inquire.
The term "semitrailer" is not defined in Title 47 but is defined in Title 68, the statutes governing the payment of vehicle excise tax. That statute states, "[t]he term `semitrailer' means and includes any vehicle designed to be attached to, and having its front end supported by a truck, tractor, or truck-tractor[.]" 68 O.S. 2001, § 2101[68-2101](9). That same statute defines the term "truck-tractor" to include "every motor vehicle of the truck type designed to draw or support the front end of a semitrailer[.]" Id. § 2101(7).
Therefore, we conclude that the tractor truck and end dump semitrailer about which you inquire is subject to the exceptions in subsection 14-109(B). Any truck-tractor and dump semitrailer when used as a combination unit is subject to the exception, not only the specific end dump combination unit about which you inquire. That does not end our inquiry, however, as subsection 14-109(B) does not provide an unqualified exception from all weight limits in the table in subsection A for combination truck-tractor and dump semitrailers. According to the clear terms of the exception these combination vehicles remain subject to certain requirements of the table.
You next ask whether the exceptions contained in subsection 14-109(B) exempt a tractor truck and end dump trailer operating as a combination unit from the weight limitations contained in subsection 14-109(A). As discussed previously, subsection 14-109(A) provides that no single axle weight may exceed twenty thousand (20,000) pounds and sets out a table to use in determining allowable loads based on the distance in feet between the extremes of any group of two or more consecutive axles. The exception at subsection 14-109(B) provides that "[e]xcept as to gross limits," the table does not apply to a truck-tractor and dump semitrailer. Id. Thus, the gross limits found in the table do apply to the combination unit about which you inquire. The key to your second question is what is meant by the term "gross limits" in this context. The term "gross limits" is not specifically defined in the statutes governing truck weight loads.
One possible interpretation would be to construe "gross limits" to be the maximum limits in the table for each group of axles. For example, the maximum load for a five-axle vehicle would be 85,500 pounds. We find no statutory support for such an interpretation, and are of the opinion that had such an interpretation been intended the Legislature would have used the term "maximum limits" rather than the term "gross limits."
The interpretation more consistent with the goals and purpose of the Legislature is that "gross limits" refers to the weight authorized by the table when measuring the distance between the front and rear axles of the vehicle, known as the outer bridge. This would be consistent with the general definition *Page 9 
of the term "gross" which has been defined to mean "sum" or "total." Webster's New International Dictionary 1106 (2d ed. 1949).[3]
A few examples are helpful in understanding whether this is a proper interpretation of the term "gross limits" in this context. We first look at an application of the table to a vehicle which is not a combination truck-tractor and semitrailer, a five-axle vehicle with a distance of 37 feet between the extremes of the front axles and the rear axle, known as the outer bridge. Using the table at 47 O.S.Supp. 2009, § 14-109[47-14-109](A)(2), this vehicle could carry 71,000 pounds on the outer bridge.
Distance in Feet
Between
the Extremes [of] Maximum Load in Pounds Carried on
Any Group of 2 or Any Group of 2 or More Consecutive Axles
More Consecutive
Axles
 2 Axles 3 Axles 4 Axles 5 Axles 6 Axles
 37 _____ _____ . . . 71,000 . . .

 Id.
This weight of 71,000 pounds is the gross limit. Assuming the measurement from the second axle to the fifth axle is 27 feet, [4] the vehicle would be held to 60,000 pounds on those four axles, as shown by the following reference to the table.
Distance in Feet
Between
the Extremes [of] Maximum Load in Pounds Carried on
Any Group of 2 or Any Group of 2 or More Consecutive Axles
More Consecutive
Axles
 2 Axles 3 Axles 4 Axles 5 Axles 6 Axles
 27 _____ . . . 60.000 . . . . . .

 Id. This measurement is known as the inner bridge and is a proper application of the table as the table refers to the "[D]istance in Feet Between the Extremes of Any Group of 2 or More Consecutive Axles." Id.
(emphasis added). The table sets maximum weights and requires the measuring of any *Page 10 
group of axles, not simply the front to rear axles or outer bridge. Thus, this vehicle could carry a maximum of 71,000 pounds but could only carry 60,000 pounds from the second to the fifth axles.
Applying the table to a truck-tractor and dump semitrailer combination unit with five axles and a distance of 37 feet between the extreme of the front axle and the back axle, the combination vehicle could carry a gross weight of 71,000 pounds. However, under the exception, such a vehicle could carry up to 34,000 pounds on each set of tandem axles. The vehicle would, therefore, be allowed to carry 68,000 pounds on these inner axles. The exception allows this combination vehicle to carry more weight on its inner axles than a typical five-axle vehicle, which does not operate as a combination unit. While the combination vehicle cannot carry more than a gross weight limit of 71,000 pounds, it can carry 68,000 pounds on each set of tandem axles. This allows the vehicle to carry 8,000 pounds more on the second to the fifth axles than a vehicle which does not fall within the exception. Practically speaking, this allows the carrying of a greater load as the load is not generally carried in the driver compartment, which is the area from the first to second axle.
Another example may also be beneficial in understanding the exception. A typical five-axle vehicle that is 34 feet from the front to the rear axle, known as the outer bridge, may carry a gross weight of 69,000 pounds.
Distance in Feet
Between
the Extremes [of] Maximum Load in Pounds Carried on
Any Group of 2 or Any Group of 2 or More Consecutive Axles
More Consecutive
Axles
 2 Axles 3 Axles 4 Axles 5 Axles 6 Axles
 34 _____ _____ . . . 69,000 . . .

 Id. Assuming the distance from the second to the fifth axle is 24 feet, the vehicle could carry 58,000 pounds on those axles.
Distance in Feet
Between
the Extremes [of] Maximum Load in Pounds Carried on
Any Group of 2 or Any Group of 2 or More Consecutive Axles
More Consecutive
Axles
 2 Axles 3 Axles 4 Axles 5 Axles 6 Axles
 24 _____ . . . 58.000 . . . . . .

 Id. If the vehicle were a truck-tractor and dump semitrailer combination, it would be subject to the exception and while it could only carry a gross weight of 69,000 pounds, it could carry 68,000 *Page 11 
pounds on the inner bridge from the second to the fifth axles. This vehicle could carry 10,000 more pounds on these inner axles than a vehicle that would not fall within the exception.
By applying the exception, a combination truck-tractor and semitrailer unit may carry 34,000 pounds on each set of tandem axles while a vehicle not subject to the exception is held to the maximum load in pounds for the inner axles set forth in the table. In enacting the exception, the Legislature provided an exception to these shorter, more maneuverable combination units, yet at the same time prevented the concentration of so much weight that the trucks became a hazard to bridge and road safety. This is a reasonable interpretation of the statute given the recognition that "regulation may be designed to prevent wear and hazards due to excessive size or weight of loads." Red River Constr. Co. v. City ofNorman, 624 P.2d 1064, 1066 (Okla. 1981).
Thus, to answer your second question, the combination vehicles exempted under subsection 14-109(B) are subject to the gross limits in subsection 14-109(A). The term "gross limits" refers to the weight that may be carried by applying the measurement in the table from the front to the rear axle or the outer bridge. The exception benefits certain combination vehicles as it allows those vehicles to carry up to 34,000 pounds on each set of tandem axles when they otherwise would not be allowed to do so. While these vehicles may not exceed the gross limits for the total vehicle weight, they are allowed to carry more weight on the inner bridge axles thereby increasing the load they may carry on these axles.
 III. ANY VEHICLE OPERATING WITH SPLIT TANDEM AXLES OR TRI-AXLES IS NOT EXEMPT FROM THE TABLE AND NO SINGLE AXLE MAY CARRY MORE THAN 20,000 POUNDS.
Although you did not specifically ask, for purposes of providing a complete analysis we note that any vehicle operating with split tandem axles or tri-axles is not exempt from the table. 47 O.S.Supp. 2009, § 14-109[47-14-109](B). A "tandem axle" is defined in Oklahoma law as "any two or more consecutive axles whose centers are more than forty (40) inches apart, but not more than ninety-five (95) inches apart[.]" 47 O.S. 2001, § 14-107[47-14-107](2). The terms "split tandem axles" and "tri-axles" are not defined in Title 47 or elsewhere in the Oklahoma statutes. We must, therefore, use other sources in defining them.
In 1994, the Secretary of Transportation, who was then the Federal Highway Administrator, commissioned a study by the U.S. Department of Transportation to provide decision makers with information regarding truck size and weight issues. The Comprehensive Truck Size and WeightStudy was transmitted to Congress on August 31, 2000. Chapter 3 of the study at page 11 explains that a split tandem axle "is created by increasing the spacing between the 2-axles in a tandem axle group from a typical standard of approximately 4 feet to 8 feet, 9 feet, or 10 feet."Id., available at
http://www.fhwa.dot.gov/reports/tswstudy/Vol2-Chapter3.pdf. Thus, for purposes of Oklahoma law, *Page 12 
a split tandem axle is a tandem axle whose centers are more than ninety-five inches apart. Under subsection 14-109(B), these split tandem axles are not exempt from the table.
We find no definition of tri-axle under Oklahoma or federal law. In looking to other sources, we note that the World-Wide Web Virtual Library: Logistics World Logistics Glossary defines "tri-axle" as a "[t]ruck, tractor or trailer with three axles grouped together at the rear." http://www.logisticsworld.com/logistics/ glossary.asp?query=-axlesrl=showsearch=form= showacr=showref=showrel=showllk=mode= (last visited Feb. 16, 2010). Therefore, a vehicle operating with three axles grouped together is not exempt from the table.
Furthermore, subsection (A)(1) establishes that "[no] single axle weight shall exceed twenty thousand (20,000) pounds[.]" 47 O.S.Supp. 2009, § 14-109[47-14-109](A)(1). Subsection B provides the exception for a truck-tractor and dump semitrailer. It states that "the table insubsection A" does not provide an exception from the single axle weight limit in subsection A(l). Thus, even if the vehicle is a truck-tractor and dump semitrailer combination unit, no single axle weight shall exceed twenty thousand (20,000) pounds.
 IV. NEITHER THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY NOR THE OKLAHOMA CORPORATION COMMISSION IS REQUIRED TO PROMULGATE RULES GOVERNING THE PROVISIONS OF THE TRUCK WEIGHT STATUTE WHICH AUTHORIZE THE ISSUANCE OF CITATIONS.
You last ask whether the Department of Public Safety and the Oklahoma Corporation Commission are required to implement rules pursuant to the Oklahoma Administrative Procedures Act interpreting the provisions of the truck weight statutes, which deal with issuing citations. Pursuant to 47 O.S. 2001, § 14-101[47-14-101](A), "[i]t is a misdemeanor for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or vehicles of a size or weight exceeding the limitations stated in this chapter." Misdemeanor violations are prosecuted by the district attorney. See 19 O.S. 2001, § 215.4[19-215.4]; Okla. Const. art. VI, § 8. While the Department of Public Safety and the Oklahoma Corporation Commission may issue citations for a violation of the truck weight limits, it is the district attorney's responsibility to determine whether to prosecute the charges stemming from the issuance of the citations. See Rideout v. Wynn, 987 P.2d 446, 447
(Okla. Civ. App. 1999) ("the decision whether to prosecute and what charge to file is within the discretion of the prosecutor") (citingCarpenter v. State, 929 P.2d 988, 995 (Okla. Crim. App. 1996)). Any administrative rule promulgated by a state agency would not be binding on a district attorney in deciding whether to file charges for violation of these provisions.
Therefore, we conclude that neither the Department of Public Safety nor the Oklahoma Corporation Commission is required to promulgate administrative rules interpreting the provisions of the truck weight statute that authorize the issuance of citations. As there is no requirement for these agencies *Page 13 
to promulgate rules governing the truck weight provisions, the lack of administrative rules by these agencies does not nullify any citation that may be issued by these agencies.
 It is, therefore, the official Opinion of the Attorney General that:
 1. Title 47 O.S.Supp. 2009, § 14-109[47-14-109] establishes load and weight limits for vehicles traveling on any Oklahoma road or highway. Subsection (A) sets forth a table establishing the maximum load in pounds that may be carried by any group of two or more consecutive axles. The maximum load in pounds authorized by the table is based on the distance in feet between the extremes of any group of two or more consecutive axles. The table requires that measurements be made not only of the distance between the front and rear axles, known as the outer bridge, but also the distance between the interior axles, known as the inner bridge.
 2. An exception to certain vehicle weight limits in the table was created at 47 O.S.Supp. 2009, § 14-109[ 47-14-109](B) for a truck-tractor and dump semitrailer when used as a combination unit. A combination truck-tractor and end dump trailer with tandem axles and a short wheelbase would fall within this exception. The exception from the table for such combination vehicles is not without limitations.
 3. Pursuant to 47 O.S.Supp. 2009, § 14-109[47-14-109](B), a truck-tractor and dump semitrailer when used as a combination unit may carry up to thirty-four thousand pounds on a set of tandem axles. Such vehicles, however, may not exceed the gross limit set forth in the table. "Gross limit" refers to the weight limit set forth in the table based on the measurement of the distance in feet of a vehicle from the front to the rear axles, known as the outer bridge.
 4. A combination truck-tractor and dump semitrailer operating with split tandem axles or tri-axles must adhere to the limits in the table at 47 O.S.Supp. 2009, § 14-109[47-14-109](A).
 5. No single axle weight on any vehicle, including a combination truck-tractor and dump semitrailer, shall exceed twenty thousand (20,000) pounds. Id,
 6. Violation of the truck weight limits of 47 O.S.Supp. 2009, § 14-109[47-14-109] is a misdemeanor. 47 O.S.Supp. 2009, § 14-101[47-14-101]. Whether to file misdemeanor charges is in the discretion of the appropriate district attorney. See Carpenter v. State, 929 P.2d 988, 995 (Okla. Crim. App. 1996). Neither *Page 14 the Department of Public Safety nor the Oklahoma Corporation Commission is required to promulgate administrative rules governing the provisions of the truck weight load statute that authorize the issuance of citations.
W.A. DREW EDMONDSON Oklahoma Attorney General
SANDRA D. RINEHART Senior Assistant Attorney General
[1] Amendments were made to this statute in 2007 and in 2008. See 2007 Okla. Sess. Laws ch. 324, § 2; 2008 Okla. Sess. Laws ch. 69, § 2. Those amendments apply to certain exceptions in the statute which are not relevant to your questions.
[2] A number of exceptions exist at 47 O.S.Supp. 2009, § 14-109[47-14-109](E)(2) including exceptions for utility or refuse vehicles, "[v]ehicles transporting timber, pulpwood, and chips in their natural state, vehicles transporting oil field fluids, oil field equipment, or equipment used in oil and gas well drilling or exploration, and vehicles transporting grain. . . ." Exceptions also exist for "[v]ehicles transporting rock, sand, gravel, coal, and flour," and for a combination of a wrecker or tow vehicle and another vehicle or vehicle combination.See id. § 14-109(E)(3), (4). Certain conditions must be met for these exceptions to apply. Id. § 14-109(F)(2). This Opinion does not address these exceptions.
[3] "In defining statutory terms, in the absence of specified definitions, we must assume the Legislature intended for them to have the same meaning as that attributed to them in ordinary and usual parlance."Loffland Bros. Equip. v. White, 689 P.2d 311, 314 (Okla. 1984).
[4] We assumme, for purposes of this Opinion, that the driver compartment of the vehicle, from the first to the second axle, is approximately ten feet in length. *Page 1